PIERCE v. CHAMBERLAIN et al., Appellants.

1. **Dedication:** INTENTION. Dedication of land to public use depends upon the intention of the owner, and whenever this intention is unequivocally manifested, the dedication is made, so far as the owner of the soil is concerned; and if accepted and used by the public in the manner intended, the dedication is complete, and the

owner and all claiming in his right are precluded from asserting any ownership inconsistent with such use.

2. ———— : ————. The intention of the owners to dedicate in this case held to be clearly expressed.

3. **Practice in Supreme Court:** VERDICT. In a case where the evidence is conflicting, the Supreme Court will not disturb the finding of the trial court.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Jewell & Thompson* for appellants.

(1) No statutory dedication is claimed, nor was there a common law dedication. As to what constitutes a common law ·dedication, see *Brinck v. Collier*, 56 Mo. 160; 2 Greenleaf on Ev., (13 Ed.) p. 591, § 662. (2) There was no acceptance; but the intention, more or less clearly expressed in deed to Holmes, was revoked. As to right to revoke, see 8 Minn. 494; 31 Cal. 589; 1 R. I. 519. (3) The evidence of revocation consists of the deed without reservation from Holmes to defendants, (as in Minnesota case cited,) also the unconditional warranty deed from Marty to defendants of twelve and a half feet in width of the land in dispute, given at a time when he and defendants owned the whole of the land through which Marty afterwards platted such street. Also payment of taxes, both by Holmes and subsequently by defendants to present time. As to effect of payment of taxes, see *Brinck v. Collier*, 56 Mo. 166.

*J. W. Jenkins* for respondent.

(1) There was a complete and entire dedication of the land for the street. The vital principle of dedication is the intention to dedicate, and when this is unequivocally manifested the dedication, so far as the owner of the soil is con-

·cerned, has been made. Angell on Highways, (2 Ed.) ch. 3, § 142, p. 146; 2 Greenleaf Ev., (13 Ed.) § 662, p. 591; *Brinck v. Collier*, 56 Mo. 160; *Missouri Institute, etc., v. Howe*, 27 Mo. 211; *Becker v. St. Charles*, 37 Mo. 14. A dedication may be made to take effect in the future. *Jersey City v. Morris Canal Co.*, 1 Beasley (12 N. J. Ch.) 547. No immediate acceptance by the public was necessary. *Rose v. City of St. Charles*, 49 Mo. 510; *Taylor v. City of St. Louis*, 14 Mo. 20. *Selectmen, etc., v. Dummer*, Spencer (N. J.) 106; *Jersey City v. Morris Canal Co., supra.* No grantee is necessary in a deed of dedication. *Jersey City v. Morris Canal Co., supra; Cincinnati, etc., v. White*, 6 Pet. 431. Both Holmes and Marty, by accepting the deeds containing the dedication, assented to such dedication, and they and their grantees are bound by it. *Jersey City v. Morris Canal Co., supra.* (2) There has been no revocation of the dedication. *Jersey City v. Morris Canal Co., supra; Selectmen v. Dummer, supra.*

NORTON, J.—This suit was brought to restrain defendants perpetually from obstructing a street. Judgment was rendered for plaintiff according to the prayer of the petition, from which defendants have appealed to this court, and the questions presented by the appeal are, whether the strip of ground claimed as a street had been dedicated by the owner, and if dedicated, whether the dedication had been accepted, and whether such dedication had been revoked before acceptance.

It appears from the evidence that in February, 1875, Mary S. Peery, Mary J. Bouton and Sarah A. Peery, who were the owners in fee of a tract adjacent, or near, to Kansas City, conveyed by deed to Robert J. Holmes a part of said tract, embracing said street, which was recorded in the recorder's office of Jackson county on the 9th of April, 1875. Following the granting clause in this deed are the following words: "We also grant, bargain and sell, convey and confirm, forty feet in width for the purpose of a street

extending from Independence Avenue to the north line of the foregoing tract of land, except twenty feet in width and 546 in depth of the above tract of land which the said Robert J. Holmes grants, bargains and confirms for the purpose of being used as a part of said street; said street not to be opened so long as said lands through which said street passes may be used for cultivation; said street to extend on north and south line parallel with north and south line of above tract of land and along the east, north and south line of said tract of land." The Peerys and Bouton continued to be the owners of the remainder of the land adjoining and including said street until the 23rd day of September, 1878, at which time they conveyed the same to one Marty by warranty deed, which contained the following reservation: "Excepting a forty foot street through said land from north to south, beginning at Independence Avenue on the south line of said land at a point supposed to be the center of said south line, running thence north parallel with the section line dividing sections 33 and 34, twenty chains to the north boundary line of said land." On the 14th of June, 1879, said Marty, also, acquired by warranty deed from said Holmes all the residue of the land purchased by Holmes from the Peerys and Bouton, except what he had conveyed to defendants. On the —— day of June, 1879, Holmes conveyed by deed of general warranty a part of said tract. On the 23rd of August, 1879, Marty filed in the recorder's office of Jackson county the plat of Marty's addition, on which the street in controversy is marked "Park Avenue."

The question as to whether the forty foot strip of ground, so far as it concerns the owners, was dedicated for a street, is dependent upon the fact whether such was the intention of the owners as "the vital principle of dedication is the intention to dedicate, the *animus dedicandi*, and whenever this is unequivocally manifested the dedication, so far as the owner of the soil is concerned, has been made. * * If accepted and used by the public in the manner intended,

the dedication is complete, precluding the owner and all claiming in his right, from asserting any ownership inconsistent with such use." Angell on Highways, p. 146, § 142. We think it clearly appears by the deed from the owners to Holmes, dated February 6th, 1875, and the deed from the owners to Marty, dated September 23rd, 1878, that it was the intention of the owners to dedicate the strip of ground in question for the purposes of a street. The owner in the last deed referred to expressly excepted and reserved from the grant to Marty a forty foot street through said land from north to south.

Was this dedication accepted by the public? Upon this question the evidence is somewhat conflicting, some witnesses testifying that it had not been generally used as a street; others testifying that it had. The trial judge who had the witnesses before him found that the dedication had been accepted by the public, and with this finding we are not disposed to interfere, as the judge who tried the case was in a better situation than we are to determine what the real fact was in this conflict, as there is sufficient evidence in the record to sustain the finding.

It is claimed that the deed from Holmes to defendant revoked the dedication. We are of a different opinion, for the reason that the street if used and accepted by the public in the manner intended, the dedication was complete, and precluded the owner, as well as all claiming under him, from asserting an ownership inconsistent with such use. Besides this, the deed from the Peerys and Bouton to Holmes did not convey this strip of ground to Holmes, and for that reason Holmes' deed to defendants was inoperative, so far as the street in question is concerned.

We perceive nothing in the record justifying interference with the judgment, and it is hereby affirmed. All concur.