[No. 12778. Department Two. — May 2, 1890.]

ADAM BROWN, APPELLANT, v. L. W. STARK, RESPOND-
ENT.

NEW-TRIAL STATEMENT — FINDINGS — INSUFFICIENCY OF EVIDENCE — SPECI-
FICATIONS — APPEAL. — Only those findings of fact which are specified in
the new-trial statement as not being justified by the evidence can be con-
sidered upon the question of insufficiency of the evidence. A specifica-
tion of insufficiency of evidence to prove a fact not found cannot be
considered; and upon a review of the evidence upon appeal any evidence
tending to prove a finding is sufficient to sustain it.

TRESPASS — INJUNCTION — REMOVAL OF FENCE — OBSTRUCTION OF HIGH-
WAY — DEDICATION — NECESSITY — FINDING. — In an action for trespass
and an injunction to prevent the removal of plaintiff's fence, when
the answer pleads that the fence was an obstruction to a public road
which had been dedicated as a highway, and accepted and used as such
by the public, if the court finds the fact of such dedication and accept-
ance, it is sufficient to support a judgment for the defendant, and it is
not necessary to find that the roadway was required as a necessity.

ID. — SURVEY AND PLAT OF STREET — DEEDS OF LOTS BOUNDED BY AVENUE —
PUBLIC USER — INTENTION TO DEDICATE — EVIDENCE. — In such action,
where it appears that the owner of a tract of land had made a sur-
vey and plat of lots for sale, bounded on a street fifty feet wide, desig-
nated on the plat as an avenue, and had exhibited such plat to buyers,
and had made deeds of lots bounding upon such avenue, and the avenue
had been thrown open to public travel, and used as a public highway, it
is not prejudicial error to refuse to permit such person to answer a ques-
tion as to his mere unexpressed intention to dedicate a public street
when the lands were sold.

ID. — REVOCATION OF DEDICATION — ACCEPTANCE AND USER OF HIGHWAY. —
A deed of the premises, including a road across the same, by one who
has dedicated it as a public highway, cannot operate as a revocation of
the dedication after an acceptance and user of the highway by the public
as well as by the purchasers of the lots.

APPEAL from a judgment of the Superior Court of
Santa Clara County, and from an order denying a new
trial.

The facts are stated in the opinion.

*W. C. Kennedy*, for Appellant.

The court erred in sustaining the objection of defend-
ant to the question whether Mrs. Maddox intended to
dedicate any public street. (*City of Eureka* v. *Croghan*, 81

Cal. 524.) The evidence shows that only a private right of way was intended. (Pol. Code, secs. 2620, 2621, 2693.) The deed by Mrs. Maddox to Brown was a revocation of any prior offer of dedication. (*City of Eureka* v. *Croghan,* 81 Cal. 524; *People* v. *Reed,* 81 Cal. 70.) Acts and declarations of the owner, to indicate an intention to dedicate, must be plain, unmistakable, and decisive. (*Niagara Falls Susp. Bridge Co.* v. *Bachman,* 66 N. Y. 261; *Cook* v. *Harris,* 61 N. Y. 148; *People* v. *Reed,* 81 Cal. 70; *City of Eureka* v. *Croghan,* 81 Cal. 524.)

*T. H. Laine,* for Respondent.

Intention is an inference from facts, and not to be proved in the way here sought. (*Woods* v. *Woods,* 42 Cal. 358.) There can be no revocation of an accepted dedication.

VANCLIEF, C.—This is an action in the nature of trespass for entering upon the plaintiff's land,— a five-acre lot,— and removing and destroying a fence, and for a perpetual injunction restraining defendant from repeating the trespasses complained of.

The answer of the defendant confesses the entry upon the lot described, and the removal of a portion of the fence, and seeks to justify these acts by averring that the portion of the fence removed was an obstruction to a public road or way through said lot, and specially alleges the facts and acts of the plaintiff and his grantor claimed to constitute a dedication of the way to public use, and an acceptance and use thereof by the public and by the defendant; and further alleges that the entry of the defendant upon the way, and the removal of that portion of the fence obstructing it, were the acts complained of as trespasses.

In response to the issues made by the pleadings, the court found the facts and law as follows:—

"1. On the twelfth day of October, 1871, Craven P.

Hester was the owner in fee of the land described in the plaintiff's complaint, consisting of five acres fronting 263 4-12 feet on the Alameda road referred to in the complaint, and running back 830 3-12 feet; that on said day said Craven P. Hester conveyed to his daughter, Sallie P. Maddox, for the consideration of natural love and affection, said tract of land, which thereupon became and was her separate property.

" 2. Afterward, and prior to the nineteenth day of April, 1878, said Sallie P. Maddox, the said owner of the whole of said land, caused the same to be surveyed and laid off into lots of convenient size for the purposes of sale, with a street or road fifty feet wide running through it about the center, and extending from the Alameda road to the opposite or northern end thereof, and caused a plat of said survey to be made, showing said road or avenue, which was called and laid down on said map as 'Hester Avenue,' which plat was exhibited to buyers, and a copy thereof posted up on the premises, offering the lots for sale.

"3. That afterward, and in the year 1878, Sallie P. Maddox sold three of said lots by said plat, and made, executed, and delivered (with her husband) deeds of conveyance thereof, describing said lots as bounded on one side by said Hester Avenue. Two of these were sold in one parcel to S. A. Bishop, which fronted 100 feet on said Hester Avenue, and ran back 110 feet, and is the same property conveyed by said S. A. Bishop, by deed dated May 11, 1881, to Maggie Stark, wife of the defendant, which lots Mrs. Maggie Stark has continuously owned and improved, and are located about 235 feet north of said Alameda road. The other lot was sold and conveyed as aforesaid to Mrs. Mary Pillot in December, 1878, and fronts fifty feet on said Hester Avenue, and lies just north of the said Bishop lot. Said Hester Avenue was thrown open to public travel by said Maddox and wife prior to the sale of said lots, and was by them fenced off

fifty feet wide as far north as the north line of the Pillot lot prior to the purchase by the plaintiff, as hereinafter found, with the whole width left open to the Alameda road, or northern end. All of said deeds were recorded in the office of the county recorder of said Santa Clara County prior to plaintiff's said purchase.

"4. That after said sales and the recording of the deeds as in the last finding stated, to wit, on the sixth day of December, 1882, the plaintiff purchased the remainder of said five-acre tract from Maddox and wife, obtained their conveyance therefor, and went into possession. Soon after his said purchase, he extended the fence on the north line of the Alameda road fifteen feet farther west, and ran a fence north therefrom so as to include in his inclosure a strip of land fifteen feet wide running north as far as the north line of the Pillot lot, now owned by W. S. Clark, which reduced the width of said Hester Avenue to thirty-five feet for said distance, which fence still remains there.

"5. The only roadway available to reach the lots sold as aforesaid to Bishop and Mrs. Pillot from any public road is the said Hester Avenue, there being no other road by which they can be reached, and said Hester Avenue has been used continuously, by all persons having occasion to go to or from said lots, as far as the north line of said Pillot lot, ever since they were sold, as aforesaid, until the same was fenced up by plaintiff, as hereinafter stated.

"6. About the fourteenth day of February, 1887, the plaintiff, intending to close up said Hester Avenue and prevent travel thereon, erected a fence entirely across it at the point where it joins the Alameda road; the defendant removed said fence as a nuisance and obstruction to his free use of said avenue. The plaintiff restored it several times, and the defendant as often tore it down; and threatened to continue to tear down and remove the same as often as it should be erected. Said acts of defend-

ant are the acts of alleged trespass complained of by the plaintiff herein, and none other.

"7. Said Hester Avenue was by the said Sallie P. Maddox intentionally laid out fifty feet wide, and dedicated to the public as a highway for travel in the year 1878, through her said five-acre tract of land, as far north as the said north line of the Pillot lot. Beyond that I make no finding, as it is not involved in this contest.

### "CONCLUSIONS OF LAW.

"From the foregoing facts, I find, as conclusions of law:—

"1. That Hester Avenue, as above set forth, is a public road for travel, fifty feet wide, for all persons having occasion to go that way, as far north as the north line of the Pillot lot, and beyond that I make no decision, as it is not involved in this case.

"2. The defendant has a right to remove all obstructions from said road as far north as the north line of said Pillot lot, and is entitled to a judgment for costs, and it is so ordered.

"Frs. E. Spencer, Superior Judge."

The plaintiff appeals from the judgment, and from an order denying his motion for a new trial.

That the findings of fact are sufficient to support the conclusions of law is not questioned; but it is claimed that some of the findings of fact are not justified by the evidence. Of these, only those which are specified in the statement on motion for new trial can be considered.

1. It is specified that "there was no evidence to show the authority or agency of J. K. Maddox to dedicate or lay out or authorize a public street or way on behalf of Mrs. Sallie P. Maddox, and does not sustain finding 2."

There is no finding of any such "authority or agency of J. K. Maddox in finding 2, or elsewhere."

2. It is specified that the evidence fails to show any width, length, or termination of the proposed way.

F. Brown, plaintiff's son, testified of it as "a lane from the Alameda back to the north end of Pillot's lot"; and further said: "This lane was fifty feet wide when father bought it."

Other witnesses testified that a map or plat of the five-acre lot was posted up on the property within a few feet of Mrs. Maddox's dwelling, showing this way fifty feet wide through the entire lot, and naming it "Hester Avenue." This Hester Avenue is mentioned as a boundary in two deeds and one mortgage from Mrs. Maddox. This evidence strongly tends to prove the finding, and is quite sufficient to sustain it.

3. It is specified that "there is no evidence to show that said roadway was required as a necessity, and does not sustain finding 5."

There is no finding "that said roadway was required as a necessity; nor was such a finding necessary to sustain the judgment, the voluntary dedication and acceptance of it being sufficient. Finding 5 consists of two distinct propositions, neither of which is touched by this specification.

4. Nor is there any finding that the "road, of necessity, should be fifty feet wide."

5. The evidence substantially tends to prove that the five-acre lot was subdivided and platted into lots, and that Hester Avenue was a part of the plat, and was dedicated as a public way to induce purchasers to buy the lots. Therefore the fifth specification, if it may be so called, is not sustained.

6. Counsel for appellant contends that the court erred in sustaining the objection of defendant's counsel to the following question asked Mrs. Maddox: "Did you intend to dedicate any public street when you sold these premises?"

Waiving the indefiniteness of this question as to time, and as to what sale of "these premises" was referred to by the question, it is a sufficient answer to the objection

to say that the acts and deeds of Mrs. Maddox enumer-
ated in the findings numbered 2 and 3, to which there
is no exception, plainly indicate that she intended
to dedicate, and did dedicate, to public use Hester
Avenue, as laid down on the plat at or before the dates
of her deeds to Bishop and Pillot; that she intended it
to be so understood by purchasers of lots fronting on
that avenue; and that Bishop and Pillot purchased three
lots fronting upon it with that understanding, induced
by such acts and deeds. She does not deny that she
caused the tract to be subdivided into lots and platted
and the plat to be posted on the lot, as stated by other
witnesss, and only says: " It [the avenue] was not to be
a public street, but simply a private right of way." This
is only her construction of the acts and deeds properly
construed by the trial court as being an accepted offer
to dedicate to public use. Under these circumstances,
her unexpressed intention, called for by the question
ruled out by the court, was of no material consequence.

7. The deed of Mrs. Maddox to the plaintiff, of Decem-
ber 6, 1882, did not and could not operate as a revocation
of an offer to dedicate which had been accepted before the
date of that deed. The court having found an accept-
ance of the offer to dedicate, and a user by the public as
well as by the purchasers of lots, the cases of *People* v.
*Reed*, 81 Cal. 70, and *City of Eureka* v. *Croghan*, 81 Cal.
524, cited by appellant's counsel, are not in point.

I think the judgment and order should be affirmed.

GIBSON, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment and order are affirmed.