Heitz v. The City of St. Louis.

HEITZ, *Appellant*, v. THE CITY OF ST. LOUIS *et al.*

Division One, June 20, 1892.

1. **Defective Statutory Dedication, when Good at Common Law.** When the owner of land causes a plat thereof to be made, subdividing it into city blocks, streets and alleys, and files it in the recorder's office, indicating on the ground the boundaries of lots and location of streets and alleys, and sells lots and makes deeds describing them with reference to streets and alleys as platted, such will constitute a valid common-law dedication, although the acknowledgment required by the statute to be made was not attached to the plat.

2. ———: ACCEPTANCE. The acceptance of an incomplete or defective dedication by the public or the acquisition of rights under it by third persons will operate in favor of the public and such third persons respectively, and render the dedication valid at common law.

3. **Common-Law Dedication:** RIGHTS OF PURCHASERS: USE OF STREETS. The rights acquired by purchasers under a common-law dedication inure not only to their benefit, but to the benefit of all who have occasion to use the streets laid down in the plat, and the sale of lots according to the plat carries with it the covenant that the streets shall forever remain open to the public use.

4. **Dedication, Acceptance of by City:** STREETS. A city by accepting, improving and using a street as platted must be regarded as accepting the whole tract platted, and not merely such portion as it chose to improve or did improve.

5. **Dedication**: ACCEPTANCE. The principal matter to be determined in an incomplete or defective [dedication is the intention to dedicate, and where this is unequivocally manifested the dedication is complete, and no user for any definite period by the public is necessary.

6. ———: RIGHTS OF OWNER. When a dedication becomes complete as in this case, the owner as well as all claiming under him are precluded from asserting any right or ownership inconsistent with the public use conferred by the dedication.

7. **Street**: OBSTRUCTION: INJUNCTION. A party cannot by injunction restrain a city from removing an obstruction in a street.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Fred. Wislizenus* for appellant.

(1) To create a highway by estoppel there must be acceptance on behalf of the public, as well as intent to dedicate on the part of the owner. *St. Louis v. University,* 88 Mo. 158; *Kemper v. Collins,* 97 Mo. 646; *Putnam v. Walker,* 30 Mo. 600; *Parsons v. Trustees,* 44 Ga. 539; *Detroit v. Railroad,* 23 Mich. 210; *People v. Beaubien,* 2 Doug. 286; *Brink v. Collier,* 56 Mo. 162; *Lee v. Lake,* 14 Mich. 12; *Harris v. Commonwealth,* 20 Gratt. 640. (2) Public user of a street is of avail only as evidence of acceptance by the proper authorities. *Detroit v. Railroad,* 23 Mich. 210. (3) The city of St. Louis has no right to remove forcibly what it claims to be purprestures from what is not a *de facto* street.

*William C. Marshall,* City Counselor, and *Louis A. Steber* for respondents.

(1) Under the facts of this case, the plat being unacknowledged, the streets having been used, and rights being acquired by third persons by deeds refer-

ring to the plat, makes this a good and valid common-law dedication. 2 Dillon's Municipal Corporations [4 Ed.] sec. 628. (2) Dedication of land to public use depends upon the intention of the owner, and, whenever this intention is unequivocally manifested, the dedication is made, so far as the owner of the soil is concerned; and, if accepted and used by the public in the manner intended, the dedication is complete, and the owner and all claiming in his right are precluded from asserting any ownership inconsistent with such use. *Pierce v. Chamberlain*, 82 Mo. 618; *California v. Howard*, 78 Mo. 88; *Oswald v. Grenet*, 22 Tex. 94. (3) It is not necessary, in order to constitute a street or alley in a municipal corporation, that the statutory course should be pursued. Any act by the owner setting apart to the public a portion of his property, clearly showing that such was his intention, vests the use of the property in the public for the purposes indicated, and if actually thrown open the public may take possession. In such case no ordinance or formal acceptance of dedication is necessary. *Rose v. St. Charles*, 49 Mo. 510; *Baker v. Vanderberg*, 99 Mo. 378. (4) Mrs. Carr's intention to dedicate is unequivocally manifested by the sale of lots with reference to the plat filed though not executed by acknowledgment in conformity to the statute, on which plat the streets and alleys are laid out, and as such are clearly described in the deeds given by her to the purchasers of such lots. *Baker v. Vanderburg*, 99 Mo. 378; *Meier v. Railroad*, 16 Or. 500; s. c., 19 Pac. Rep. 610; *Griffin v. Olathe*, 23 Pac. Rep. 470. (5) In fact there could be no intelligent explanation of the dimensions and boundaries of the lots sold by Mrs. Carr without reference to the plat filed. *Heselton v. Harmon*, 14 Atl. Rep. (Me.) 286. (6) The failure to acknowledge the plat can make no possible difference so far as this case is concerned. *Com'rs v. Wilgus*, 42

Kan. 457; *Meier v. Railroad*, 18 Or. 500. (7) The deed of Mrs. Dorcas Carr to Frederick Heitz of the land hitherto used and dedicated as streets and alleys could not operate as a revocation of her previous acts. *Brown v. Stark*, 83 Cal. 636. Nor could she, or those claiming under her, exclude the public therefrom. *Harrison Co. v. Seal*, 5 S. Rep. (Miss.) 622. In fact, the dedication made is absolutely irrevocable. No other doctrine could be sanctioned by a court of justice. *Hicklin v. McClear*, 18 Or. 126. (8) The city is under no obligation to improve the street at once. It may be allowed to remain dormant until its use becomes a public necessity. *Meier v. Railroad*, 16 Or. 500; *Griffin v. Olathe*, 24 Pac. Rep. (Kan.) 470; *Oswald v. Grenet*, 22 Tex. 94. (9) The evidence is clear that there was more than ten years' adverse user by the public, and this is sufficient to bar a recovery by the plaintiff. *Price v. Breckenridge*, 92 Mo. 378. Especially in a case like this where such use and occupancy was acquiesced in by the original owner, Mrs. Carr. *State v. Walters*, 69 Mo. 463.

SHERWOOD, P. J.—The plaintiff claiming ownership by quitclaim deed from Mrs. Carr of strips of ground, marked on the plat "Kosciusko" street and the two 'alleys," fenced in said strips, whereupon the defendant city, through its marshal, Neiser, went about to tear down the fences obstructing the street and alleys, when plaintiff applied for, and obtained, a temporary injunction, which, upon final hearing, was dissolved; hence, this appeal.

In 1859, Mrs. Dorcas Carr, being then the owner of a tract of ground extending from Carondelet avenue (now Broadway) eastward to the Mississippi river, caused a plat thereof to be made, subdividing the same into city blocks, streets and alleys, and caused said plats

to be filed in the office of the recorder of deeds for the county, now city of St. Louis, but, through inadvertence or neglect, failed to attach thereto the acknowledgment required by the statute.

Following the filing of this plat, and in the same year, 1859, Mrs. Dorcas Carr offered by advertisement all the ground, so platted, for sale at public auction, naming the day and the hour. At the corners of the "lots" in the "blocks," as platted and designated by her, were placed small flags, designating the boundaries of the "lots" proposed to be sold, and the parts of the plat indicated as streets and alleys were staked off and the points indicated by stones. A number of "lots" were sold at this auction, eastward from Carondelet avenue (now Broadway), down to Second street (now DeKalb street), and lots 1 and 2 east of said Second street, which were sold to one Henry Sharpenberg, and now owned by one Henry Christian. The auctioneer, in crying out the sale, described the property, "This is a corner lot;" "This is a strip sixty feet wide;" "This property lies on an alley seven and a half feet wide," and so on, with each parcel offered and sold.

The property was not all sold at that time. After the war, Mrs. Dorcas Carr, acting through her real-estate agents, Messrs. Carr and Kerr, had another public auction sale of the unsold property so platted off. Circulars were printed and issued containing copies of the recorded plat, and at this sale lots were sold by reference to the description contained in the plat, as for instance lot number 2 in block 4 of Dorcas Carr's continuation of Rock Point addition as per records (so and so) as filed in the recorder's office. When the first sale was made (in 1859) there were no numbered city blocks, and at both sales the description of property in the deeds referred to this plat. At the second sale,

which occurred, it seems, in 1866 or 1867, boards were put up on the property to be sold, and the boundaries of the lots were all marked by flags at each corner; they were so marked in front of the lots, and the sales were made accordingly. At this sale- there was no property sold east of Second street (now \DeKalb). Later on, the property east of DeKalb street (formerly Second street) was sold, some to Henry Christian and some to John C. Gmeiner (who afterwards conveyed to Heitz, the plaintiff herein), and in these deeds the boundaries were by the streets and alleys as platted.

In 1887, the plaintiff, through his agent Gehner, began negotiations with C. Bent Carr, the son and agent of Mrs. Dorcas Carr, and told him that Kosciusko street and the two alleys had never been dedicated. Mr. Carr said it must be a mistake; when Mr. Gehner assured him he was positive of it, Mr. Carr replied: "Mr. Gehner, we have sold all that property down there, and we have bounded the lots by those streets and alleys, and there is one thing certain that my mother does not claim any of those streets and alleys, because, in making those deeds we had always bounded the lots by those streets and alleys, designating them lot so and so, bounded so and so."

Gehner, for the plaintiff, offered to Mrs. Carr's son and agent $200 for a quitclaim to Kosciusko street, who, on being advised by his attorney, Mr. Haeussler, that if the parties chose to take a deed from Mrs. Carr for what she did not own, it was all right, and which fact was so declared to Mr. Heitz, when the deed was made. In that deed the property is described as "Kosciusko street," and as "alleys," etc.

There was some evidence tending to show the use of a portion of Kosciusko street by the public, the particular portion now in controversy, and similar testimony was given as to the alleys, and that the use of

Kosciusko street was not discontinued until 1882 or 1883, and there was some testimony of a contrary effect. There was also testimony as to the acquiescence of Mrs. Carr in the use of the street and alleys.

OPINION.

In the circumstances detailed in the foregoing statement, must the streets and alleys, as platted, be regarded as dedicated to the public use, is the controlling question in this cause.

I.    Though the plat was unacknowledged, yet it was recorded, and the deeds which were made to different purchasers recognized and referred to the plat thus made, and in the sales which occurred at public auction, and which were subsequently consummated by such deeds, full recognition was given to such streets and alleys as public thoroughfares.   This must be regarded as a valid common-law dedication; for when an incomplete or defective statutory dedication is *accepted by the public*, or when rights are acquired under such dedication by *third persons*, such acquisitions will operate in favor of the public and of such acquirers respectively, and constitute a dedication of the nature just mentioned.   2 Dillon on Municipal Corporations [4 Ed.] sec. 628.    And the right which thus passes to purchasers of lots of a platted town inures not only to the benefit of such purchasers, but it inures to the benefit of all persons who may have occasion to use the streets thus laid down in the plat; the sale and conveyance of the lots in the town according to its plan carry with them a grant or covenant that the streets indicated on the plan shall be forever open to the use of the public. *Zearing v. Raber*, 74 Ill. 409, and cases cited.   This is especially true where, as here, the streets and alleys are used by the public, or being platted are ready for public use, whenever they

are put in the proper shape for such use by the municipal authorities. In this case, however, long before the purchases made by the plaintiff and those under whom he claims, Dorcas street had been fully improved by the city, and in doing so it left the opening to Kosciusko street clearly marked by curbstones set for that purpose. And a portion of Kosciusko street was actually used by the public for the purposes of travel. The fact that a portion of that street, owing to the nature of the ground, was not capable of being traveled, militates nothing against the idea of acceptance by the public, and user by the public.

Besides, the city by accepting, building and using Dorcas street as platted must be regarded as an acceptance by the city of the *whole tract platted*, and not as a bare acceptance of such portion of the platted district as the city chose to improve, and did improve.

The main thing to be determined in cases of this sort to the *intention to dedicate*, and, where this is unequivocally manifested, the dedication is complete; no user for any definite period by the public is necessary.

An English judge says: "No particular time is necessary for evidence of a dedication. * * * If the act of dedication be unequivocal, it may take place immediately; for instance, if a man build a double row of houses opening into an ancient street at each end, making a street, and sells or lets the houses, that is *instantly* a highway." *Woodyer v. Hadden*, 5 Taunt. 126; per CHAMBRE, J., 2 Smith's Leading Case [8 Ed.] 176.

"While a mere survey of land, by the owner, into lots, streets, etc., will not, without a sale, amount to a dedication, *yet a sale of lots with reference to such plat*, or describing lots as bounded by streets, will, as

VOL. 110—40

between the grantor and grantee amount to an immediate and irrevocable dedication of the streets, binding upon both vendor and vendee.'' 2 Dillon on Municipal Corporations, sec. 640.

It is a familiar doctrine in our own reports showing that, in order to constitute a street or alley in a municipal corporation, it is by no means necessary that the statutory course should be pursued. *Rose v. St. Charles*, 49 Mo. 509; *Baker v. Vanderburg*, 99 Mo. 378. And, when the circumstances of dedication and acceptance are similar to those this record presents, the owner as well as all claiming under him are precluded from asserting any right or ownership inconsistent with the public use embraced by such dedication. *Pierce v. Chamberlain*, 82 Mo. 618.

Nor for this reason could the quitclaim deed made by Mrs. Carr which purported to convey Kosciusko street and the alley to plaintiff operate as a revocation of her previous dedication; that act was irrevocable. *Brown v. Stark*, 83 Cal. 636; *Hicklin v. McClear*, 18 Or. 126; *Harrison Co. v. Seal*, 5 S. Rep. 622.

II.   Now as to the right of the plaintiff to invoke the aid of a court of equity in restraining the defendant city from removing his fences. If the street had become by reason of the dedication, etc., a public street, then the right of the municipal authorities to protect that street from obstructions to prevent or remove such obstructions by judicial proceeding, must be conceded. 2 Dillon on Municipal Corporations, sec. 659.

Here, it is true, the city did not resort to such steps, but that a court of equity will interfere to prevent wrongs of the character done by the plaintiff, is very clear. *Zearing v. Raber, supra*, and cases cited.

This being the case, a party plaintiff cannot successfully invoke the powers of a court of equity to restrain a defendant from removing an obstruction

which, upon proper application by his adversary, he would be compelled to remove or else be enjoined from maintaining. Therefore, judgment affirmed. All concur, except BARCLAY, J., not sitting.