McGINNIS et al., Plaintiffs In Error, v. CITY OF ST. LOUIS.

### Division One, June 12, 1900.

1. **Appeal on Record Proper:** ISSUES ADMITTED: DEDICATION OF STREET. On an appeal by plaintiff on the record proper only, in an ejectment for a strip of land held by a city as a public street, in which the city pleads a general denial and a common-law dedication, and in doing so by its answer shows complete title in the plaintiff, it will not be presumed in support of the verdict and judgment that the jury found on every issue joined in the pleadings in favor of defendants, including that embraced in the general denial that plaintiff had no title.

2. **Common-Law Dedication of Street:** ESTOPPEL. In a suit by ejectment for the recovery of land which the defendant city claims has been dedicated to public use according to the common law, it is sufficient for the city to show that if the plaintiffs ever had any title to the land they have estopped themselves from asserting it.

3. ———: WHAT IS: WHAT CONSTITUTES ESTOPPEL. A man who plats lands with a street designated thereon, and sells lots to people who buy on the faith that the street is in reality as it is represented to be in the published plat, and who opens the same up as a street, macadamizes and otherwise surfaces it for street purposes, and puts a sign thereon designating the street by name, and has a granitoid sidewalk constructed therein, is estopped to deny the truth of his representations, and in a suit by him in ejectment to recover the ground which he thus designated as a street it will be held that his acts amount to a common-law dedication thereof to public use.

4. ———: ———: STATUTORY EXCLUSION. It is not true that a city can acquire title for a street only by grant or condemnation in the manner pointed out by its charter. Where the charter forbids the improvement and repairing by the city of streets not acquired "according to the provisions of this charter and law" it will be held that the terms "charter and law" comprehend both statutory and common law, and hence that they do not exclude a common-law dedication of the ground for street purposes.

Error to St. Louis City Circuit Court.—*Hon. Daniel Dillon,* Judge.

AFFIRMED.

*E. F. Stone* for plaintiffs in error.

(1)  The mode or method of dedicating a street, and performing the act of acceptance by the city of St. Louis is distinctly expressed both in the charter and ordinance of the city and by the statute of the state.    Charter St. Louis, secs. 1 and 15, art. 6; R. S. 1889, secs. 1123 and 1137.    Said provisions expressly prohibit the city from taking charge of, improving or repairing any street or highway, until the property shall have been "opened, established or dedicated according to the provisions of the charter and law."    (2)  When the mode of dedication, which includes acceptance by the municipality, is prescribed by the charter, there can be no acceptance, hence no dedication, in any other form or way. Such charter provision must be strictly pursued.    There can be no implied acceptance or dedication by the municipality when the method or manner of accepting the property for public use is expressed in the charter.    1 Dillon on Mun. Corp. (4 Ed.), sec. 91, and note; Ex parte Mayor v. Florence, 78 Ala. 419; Smith v. Cheshire, 13 Gray 308; Lafayette v. Cox, 5 Ind. 38; Collins v. Hatch, 18 Ohio 523; Port Huron v. McCall, 46 Mich. 565; Willard v. Killingworth, 8 Conn. 247; Brink v. Collier, 56 Mo. 166; McDonald v. Mayor, 68 N. Y. 23.    (a)  And the express powers and methods can not be "added to, enlarged, or diminished by proof of usage."    1 Dillon on Mun. Corp., secs. 92 and 93.    (b)  When the charter provides that a thing shall be done in a particular manner, it can not be done in a different manner, especially when there are negative words that in effect prohibit the doing of the thing, unless it is done in the manner prescribed.

15 Am. and Eng. Ency. of Law, pp. 1042 and 1086; Beach on Pub. Corps., secs. 1041, 1042, 1177 and 1178; Zottman v. San Francisco, 20 Cal. 96; Gillman v. Milwaukee, 61 Wis. 588; Keeny v. Jersey City, 47 N. J. L. 449; First Presbyterian Church v. Fort Wayne, 36 Ind. 338; Johnson v. School district., 67 Mo. 321; St. Louis v. Franks, 78 Mo. 41; Crutchfield v. Warrensburg, 30 Mo. App. 463. (3) "The common-law dedication to a city of a right of way for public use, confers not merely the right to pass over the servient land, but it also includes the right on the part of the city to enter upon the land and to prepare it, and to keep it in suitable condition for the particular use to which it was dedicated." Gamble v. Pettijohn, 116 Mo. 375; Brown v. Stone, 10 Gray 60; Barney v. Keokuk, 94 U. S. 324; Elliot on Roads and Streets, pp. 80 and 90; Bishop on Non-Contract Law, sec. 873. (4) The city can not set up and prove as a defense to this action, any act in violation of its charter to establish a dedication. City of Kansas v. Ratokin, 30 Mo. App. 422; Kiley v. Oppenheimer, 55 Mo. 377; City of Kansas v. Swope, 79 Mo. 446; Allison v. City of Richmond, 51 Mo. App. 133; City of Dubuque v. Wooten, 28 Iowa 571. (5) The said answer nowhere States or shows a dedication by the owner of the fee. Dedication to public use can be made only by the owner of the fee. McShane v. City of Moberly, 79 Mo. 41; Hannibal v. Draper, 36 Mo. 332; City of Sarcoxie v. Wild, 64 Mo. App. 403; Ward v. Davis, 3 Sand. (N. Y.) 513; Marshall v. Anderson, 78 Mo. 85. (6) The question as to whether land has been dedicated to public use is one of intent. The intention to dedicate is absolutely essential, and it should clearly and satisfactorily appear. And this intent is to be ascertained from the acts and declarations of the owner. Missouri Institute v. How, 27 Mo. 211; Perkins v. Fielding, 119 Mo. 149; Irwin v. Dixon, 9 How. (N. Y.) 10. (a) And such acts and declarations must be of such

a character as to show a clear purpose on part of the owner to devote the property to public use. Vossen v. Deutel, 116 Mo. 379; Baker v. Vanderburg, 99 Mo. 378. The said answer upon its face shows such acts as are inconsistent with and completely destroy and overthrow any idea of intent on the part of anybody to dedicate said land to public use.

*B. Schnurmacher* and *Chas. Claflin Allen* for defendant in error.

(1) The evidence not having been preserved or brought before this court, it will be presumed that the judgment of the lower court was in accordance with the facts developed upon the trial. Therefore, in considering the case as presented by the petition, the affirmative matter in the answer, and the reply, it must be assumed that every fact pleaded affirmatively was established. Claflin v. Sylvester, 99 Mo. 276; Woodsworth v. Tanner, 94 Mo. 124; State v. Brown, 75 Mo. 317; Johnson v. Long, 72 Mo. 210; Cress v. Blodgett, 64 Mo. 449. (2) Counsel for plaintiffs in error treat the case as if the general denial were not in the answer, and as if the record presented for determination the sole question of whether the facts set up affirmatively in the answer constituted a good defense. But on their own theory of the case the judgment of the lower court was correct, because the matters specially pleaded amount to a good common-law dedication of the strip of ground in question as a street. White v. St. Louis, 54 S. W. Rep. 478; Heitz v. St. Louis, 110 Mo. 618; Buschmann v. St. Louis, 121 Mo. 523; Baker v. Vanderburg, 99 Mo. 378; Bartlett v. Bangor, 67 Mo. 460; Rose v. St. Charles, 49 Mo. 510; Ragan v. McCoy, 29 Mo. 356; Hannibal v. Draper, 15 Mo. 634; McDonald v. Wolff, 40 Mo. App. 303; Archer v. Salinas City, 93 Cal. 43; Brown v. Stark, 83 Cal. 636; Carter v. Portland, 4 Ore. 339; Hicklin

v. McClear, 18 Ore. 126; Town of Derby v. Alling, 40 Conn. 410; Herman on Estoppel and Res Judicata, sec. 1147.

VALLIANT, J.—Ejectment for a strip of land sixty feet wide and two hundred and fifteen long held by the defendant city as a public street. The petition is in the proper form. The answer is, a general denial, and sets up a common-law dedication of the land by the plaintiffs' grantors and themselves to the public for a street. The reply put in issue the facts pleaded as a dedication. The cause was tried by court and jury, there was a verdict for defendant and judgment accordingly. There was no bill of exceptions filed. Plaintiffs have brought the cause here by writ of error for review of the record proper.

I. It is first insisted by defendant in error that, since there is no bill of exceptions it is to be presumed, in support of the verdict and judgment, that the jury found for the defendant on any of the issues joined in the pleadings, including the general denial which would include also of course the denial of the plaintiffs' title. That position would be undoubtedly correct but for the fact that in pleading the facts constituting the common-law dedication the defendant has shown previous title in the plaintiffs. The defendant must therefore rely upon the sufficiency of its affirmative plea, which if sufficient is sustained by the verdict.

II. The facts pleaded as constituting a common-law dedication are, substantially, that in 1886 the heirs of one Clements owned a tract of land lying parallel with and 215 feet south of the south line of Cabanne avenue which tract they laid off into city lots, streets and alleys; the general course of the tract was east and west between Belt avenue on the east and Goodfellow avenue on the west, a distance of 2860 feet, and between those avenues for that distance there was no street running from south to north through the tract except Clara avenue which they had laid off but which ter-

minated at the northern limit of their tract, 215 feet south of the south line of Cabanne avenue, and the result was that between Belt and Goodfellow avenues for a distance of 2860 feet, there was no access to Cabanne avenue offered the prospective lot purchasers in Clements place, and the owners of the intervening property were unwilling to extend Clara avenue through to Cabanne, or to sell a strip for that purpose to the Clements heirs, because it would have the effect to enhance the marketable condition of the Clements property and put it in competition with that in Cabanne place. To overcome this difficulty the Clements heirs caused a friend to purchase in his name for them, the two 'fifty-foot lots on the south side of Cabanne avenue, which had blocked Clara avenue, and then they opened Clara avenue to Cabanne by devoting one of the fifty-foot lots so purchased for them, and ten feet off the other, to this purpose, making the strip of 60 by 215 feet which is the land in suit. After this purchase the Clementses caused this strip to be laid off as a street, macadamized and otherwise surfaced it for a roadway, caused a large sign to be put up on it indicating that it was Clara avenue, and sold lots to various persons on the faith of it. After having so sold a number of lots they sold the remainder of the tract and the two fifty-foot lots they had bought from the Cabannes to the plaintiff Joseph E. McGinnis, who bought with knowledge of all that had been done, and after his purchase he caused the strip in question to be further improved and indicated it as a street by having a granitoid sidewalk constructed in it, and had a plat of the place published and circulated, showing this strip as a part of Clara avenue, and continued to sell lots therein until he had disposed of all except the two fifty-foot Cabanne lots and these he conveyed by quitclaim deed to one Geraldin who quitclaimed them to the plaintiff Nellie McGinnis, who is the wife of Joseph; the conveyance to Geraldin was simply

for the purpose of transferring the title from the husband to the wife and was without other consideration.   Mrs. McGinnis took the deed with full knowledge of what had been done as above mentioned by her husband and his grantors in relation to the property, and after her purchase she sold the forty feet remaining of the Cabanne lots to a purchaser in the face of the open street.

That those facts constitute a common law dedication in which the plaintiffs are estopped to assert a claim to the property against the right of the public to use it as a street, is too plain for argument, and indeed there is very little suggested in appellant's brief to the contrary.   But the whole effort of the appellants is directed to show that the city can acquire no title to land for a street except by grant or condemnation in the manner pointed out by the charter.

The authorities cited by the learned counsel in support of this contention go no further than to sustain the proposition that where a city undertakes to condemn property for a street, or when the owner of land desires to subdivide it into lots, streets and alleys, and by the mere act of recording his plat gives to the streets and alleys designated thereon the character of official highways, the methods prescribed in the charter must be pursued.   But they do not contravene the doctrine that a man who plats his lands with streets and alleys designated, and sells lots to people who buy on the faith that the streets and alleys are in reality as they are represented to be on the plat, is estopped to deny the truth of his own representation, nor do they sustain the contention that the city may not if it sees fit assume control of the land so designated.

The common-law dedication of streets and the right of the city to assume control of them is no new doctrine in this State and it has been laid down in no uncertain terms. [Hannibal v. Draper, 15 Mo. 634; Ragan v. McCoy, 29 Mo. 356;

Rose v. St. Charles, 49 Mo. 509; Thurston v. St. Joseph, 51 Mo. 510; Heitz v. St. Louis, 110 Mo. 618.] In the case last cited this court per SHERWOOD, J., compassed the whole doctrine in these words: "Rights acquired by purchasers under a common-law dedication inure not only to their benefit, but to the benefit of all who have occasion to use the streets laid down on the plat; and the sale of lots according to the plat carries with it the covenant that the streets shall forever remain open to the public use."

Counsel for appellants put great reliance on a provision in section 15, article 6, of the city charter, which forbids the improvement and repairs by the city of streets not acquired "according to the provisions of this charter and law," and they argue that that provision is equivalent to forbidding the city to acquire control of streets otherwise than in the statutory way. But that is a misconstruction of the provision quoted; the term "charter and law" comprehend both statutory and common law. Besides, for the purposes of this suit, it is no concern of the plaintiffs what authority the city may have in the way of improving or repairing the street; they are suing for possession of the land, and must rely on the strength of their own title, and not upon any supposed defective power the defendant may have over the subject. It is sufficient if the defendant shows as it has, that if the plaintiffs ever had any title to the land they have estopped themselves from asserting it.

There is no error in the record and the judgment is affirmed.

All concur, except *Marshall, J.*, not sitting, having been of counsel.