State v. Thompson.

## THE STATE OF MISSOURI, Respondent, v. THOS. M. AND ALGY THOMPSON, Appellants.

### Kansas City Court of Appeals, January 6, 1902.

1. **Roads and Highways**: DEDICATION: USER: INSTRUCTIONS. Where a public highway is dedicated by distinctly marked boundaries, the same rule in regard to obstructions thereof is applied as in the case of roads regularly laid out by established boundaries, but the rule is different where the rights of the public are predicated upon user alone; and the adjoining owner has no right in the former case to intrude upon the highway upon the pretense that there is more space in the road than is used, and in a prosecution for obstruction the State is entitled to an instruction to the above effect.

2. **Appellate Practice**: BILL OF EXCEPTIONS: OBJECTION. Where objections to an introduction of a paper in evidence are made, such paper must be preserved in the bill of exceptions before the appellate court can determine whether its admission was prejudicial to the defendant; and objections to such paper should be specific.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*J. H. Hull* and *Anderson & Carmack* for appellants.

(1) Instruction No. 9, asked for by defendants, should have been given. The width of road so established is determined and fixed by the actual travel and use by the public. Ehret v. Railroad, 20 Mo. App. 251. (2) The report of the commissioners admitted over the objection of defendants should not have been allowed to intrude into this case. It was simply an isolated report. Preceded by no petition for a road establishment, and followed by no order of the county court establishing it, its introduction tended to confuse rather than elucidate. Nor did this report fix the width of the road. The jury never knew from the evidence how wide the road in question was, or how wide it should be, under the law. State v. Cunningham, 61 Mo. App. 188; State v. Parsons et al., 53 Mo. App. 135. (3) The court erred in instruction No. 6 given for the State in singling out the isolated fact of the planting of the hedge fence a few years after 1866, commenting on same and declaring it to constitute conclusive evidence of dedication. State v. Sivils, 105 Mo. 530; 2 Bishop Crim. Law (3 Ed.), sec. 1240; 1 Bishop Crim. Law (3 Ed.), sec. 515.

*James W. Boyd* and *Sidney Beery* for respondent.

(1) It was not error to refuse instruction number 9. That instruction is erroneous. Heitz v. City, 110 Mo. 618; State v. Wells, 70 Mo. 637; Bauman v. Boeckeler, 119 Mo. 189; Campbell v. City, 102 Mo. 326; Ehret v. Railway, 20 Mo. App. 151, cited by appellants does not decide that where a road is dedicated to the public that the width is determined and fixed by the actual travel and use by the public—such is not the law of dedication. (2) The public immediately accepted this land as and for a public road—there was nothing else to do—no other road to travel. The action of Mr. Lewis clearly and emphatically constituted a dedication. He gave the land for the road and bounded it on the south by the hedge

fence, which, of course, was permanent in its character. Baker v. Squire, 143 Mo. 92; Heitz v. City, 110 Mo. 618; Vossen v. Dautel, 116 Mo. 379; Golden v. City, 54 Mo. App. 100. (3) It was the duty of the court to submit to the jury the question of Mr. Lewis' intention, if there could be any doubt about what it was; and this the court did by instruction number 6, which was as favorable to defendants as they could reasonably expect. Heitz v. City, 110 Mo. 618, and the cases above cited. (4) The court did not commit an error in admitting in evidence the report of the commissioners. This report was admitted in evidence to show that there was an intention on the part of Isaac Lewis to dedicate that land to the public for public road and to show that the public accepted the dedication, and that every person understood the change in the road. It is simply a circumstance.

BROADDUS, J.—The defendants were indicted, tried and convicted in the circuit court of Platte county for obstructing a public road. The indictment was in three counts, but as the jury returned a verdict of guilty on the first count alone it is the only one in issue in this court.

The road in controversy is one leading from New Market in Platte county, to Wallace in Buchanan county. It is shown by the evidence that at and prior to the year 1866 the road in question ran "angling" over the lands of one Lewis, but it was changed so as to run east and west, and, as we presume, along the north line of said Lewis's land. It is not claimed that the road was regularly laid out, although it appears that some steps were taken for that purpose. At the time, or soon after the change was made, Lewis, the owner of the land, planted a hedge fence along the south side of said road which remained until about the year 1893 when the defendants cut it down. It seems also that said Lewis had erected a rail fence on the north side of said hedge, presumably for its protection while it was growing. The evidence tended to

show that the defendants obstructed that part of said road north of said hedge and south of the traveled part of the same, by erecting a plank or board and wire fence. The evidence showed that there was a fence on the north line of said highway.

It was claimed by the State that the circumstances in evidence showed a dedication by Lewis of his ground between the hedge fence on the south and the fence on the north. And the jury were told in an instruction in behalf of the State that if they believed from the evidence that "Lewis, on whose land said road was laid out, planted a hedge fence along the south line of said road and intended at the time that said hedge fence should mark the southern boundary of said road, and that said hedge fence remained there as the southern boundary of said road for ten or more consecutive years before the board and wire fence was erected, then the defendants did not have any right to erect a fence north of the hedge fence in said road, even though the jury may believe from the evidence that there was sufficient space left north of said board and wire fence for the usual and ordinary travel along said road."

The defendants assign the giving of this instruction as error, and suggest that instruction number nine, asked in their behalf and refused by the court, should have been given. Said instruction is as follows. "The jury is instructed that the State relies for the establishment of the public road alleged to be obstructed, known in the indictment as the Wallace and New Market road upon dedication and user, and the road under the law is confined to the traveled public road and the width used."

We think the trial court was right in giving the instruction objected to and refusing the one asked by the defendants. If the said Lewis by planting his hedge on the south side of said supposed road intended to dedicate it to the use of the public, and the public accepted the same by user by traveling along the same, its rights are not restricted to that particular

part traveled. The rule is held to be different where the rights of the public are predicated upon user alone. We can perceive no difference in a case where a road is regularly laid out and established by boundaries from the one under consideration where the dedication is also by distinctly marked boundaries. In the latter instance adjoining owners have no more right to intrude upon a highway upon the pretense that the public has more space in its road than it uses than it would have in the former instance. It has been held that a dedication for a street in a city vests title in the public to the land dedicated. Heitz v. City of St. Louis, 110 Mo. 618.

During the trial the State offered and read in evidence the report of the road commissioners, to which the defendants objected on the ground that it was not in order. We have not found this report in the bill of exceptions. It is therefore impossible to tell whether the defendants could have been prejudiced by the action of the court in permitting it to go to the jury. The objection also should have been more specific.

We believe the case was fairly submitted to the jury by the instructions of the court, and the finding is well supported by the evidence. The case is affirmed. All concur.