GRANITE BITUMINOUS PAVING COMPANY v. ANDREW R. FLEMING, Appellant.

Division Two, June 17, 1913.

1. STREET IMPROVEMENT: Benefit District: Deeper on One Side of Street Than on Other: Constitutional. A charter provision which fixes the boundaries of a benefit district at a line to be drawn midway between the street to be improved and the next parallel or converging street on each side thereof, and

which requires three-fourths of the costs of the street improvement to be assessed against the private land within the benefit district according to the area rule, is not invalid because the district, laid out according to that rule, extends only 175 feet on one side of the street to be improved and 719 feet on the other; nor is it invalid because the land on the side containing the greater area is vacant and unimproved; nor is such provision unconstitutional. [Following Gilsonite Roofing & Paving Co. v. Fair Association, 231 Mo. 589.]

2. ————: ————: ————: **Motion to Strike Out Defenses: Admission.** A motion to strike out admits the truth of all facts well pleaded, but does not admit conclusions of law or mere matters of opinion. When the pleader asserts that certain alleged facts produce a result which the court, of its own judicial knowledge, knows is not the result or probable result of such facts, such conclusions of the pleader are not presumed to be true. Where the defendant in his answer, to plaintiff's suit on a taxbill, issued in payment of the costs of a street improvement, asserted that the improvement is of "no benefit whatever to defendant's property in question, or of no greater benefit to him, or his property, than that of any other person or property in St. Louis, for the reason that this defendant can make no use of said improved street in connection with his property in question," the plaintiff, by his motion to strike out that plea, which was sustained, did not admit the truth thereof. It is within the judicial knowledge of the court that, except in rare cases, the value of town or city property is directly increased by the construction or paving of streets in front of or near to such property. If defendant's parcel of land is of such a peculiar character that it will not be benefited by paving a street which lies 450 feet from it, the facts which make it an exception to the general rule should have been specifically pleaded.

3. ————: ————: ————: **Other Streets to be Constructed.** An averment in the answer to a suit on a tax bill issued in payment of a street improvement, that the city has caused to be surveyed and will cause to be constructed four additional streets between the street which has been improved and a certain other street which was the next parallel street when the benefit district was formed, and that defendant's land will be specially taxed for the paving of each of said streets, raises no issue which can be considered. The defendant having remained inactive and allowed the city to improve the street, and the contractor having expended its money in improving the street in accordance with its contract, the defendant cannot escape the legal burden which has been placed upon his land as a result of the improvement, even though he might have had a remedy in equity if the officers acted capriciously and designedly in laying out the benefit district and opening streets.

4. ———: ———: **Fixing Boundaries by Ordinance.** The bound-
aries of a benefit district for a street improvement in St. Louis
are automatically fixed by charter, at a line midway between
the street to be improved and the next parallel or converging
street on both sides, and the benefit district cannot be fixed by
ordinance.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*William B. Homer, Roland M. Homer* and *Augustus L. Abbott* for appellant.

(1) Section 14 of article 6 of the charter of St. Louis is invalid in that it deprives the appellant of his property without due process of law and denies him the equal protection of the law. 14th Amendment of U. S. Constitution; Norwood v. Baker, 172 U. S. 277; French v. Asphalt Co., 181 U. S. 345; Seattle v. Kelleher, 195 U. S. 358; Martin v. District of Columbia, 205 U. S. 139; Raymond v. Chicago U. T. Co., 207 U. S. 20; Spencer v. Merchant, 125 U. S. 345; Davidson v. New Orleans, 96 U. S. 97; Hager v. Reclamation District, 107 U. S. 701; Walston v. Nevin, 128 U. S. 578; Gilsonite Co. v. St. Louis Fair Assn., 231 Mo. 589; Construction Co. v. Haeussler, 201 Mo. 400. (2) In this case the assessment was not limited to the benefits conferred, but it is admitted that the improvement in question is "of no benefit whatever to the defendant's property," and that it is "of no greater benefit to the defendant than to any other person in the city of St. Louis." The assessment is manifestly unfair and to enforce the tax bill upon the defendant's property is to deny him the equal protection of the law. 14 Amendment of U. S. Constitution; Seattle v. Kelleher, 195 U. S. 358; Raymond v. Chicago U. T. Co., 207 U. S. 20; Martin v. District of Columbia, 205 U. S. 139; French v. Asphalt Const. Co., 181 U. S. 345; Davidson v. New

Orleans, 96 U. S. 97; Hager v. Reclamation District, 107 U. S. 701; Norwood v. Baker, 172 U. S. 269; Walston v. Nevin, 128 U. S. 578; Railroad v. Asphalt Co., 197 U. S. 430; Asphalt Const. Co. v. Haeussler, 201 Mo. 400. (3) The effect of this law as applied in this particular tax bill is not only to make the defendant pay for something which is absolutely of no benefit to him or to his property, and to make him pay not only for the improvement of this street but of probably three or four additional streets, thus making the assessment manifestly unfair, and it being admitted that the property in question applies to tracts of land which have never been platted or laid out in lots, blocks, streets, avenues and alleys, it cannot be held that the provision of the charter had any relation to such a situation as this. Gilsonite Co. v. St. Louis Fair Assn., 231 Mo. 604, and cases supra.

*Sturdevant & Sturdevant* for respondent.

(1) The charter of St. Louis is its fundamental law, and all authority for making public improvements is specifically granted therein. Its provisions, adopted by the people of the city under the authority of the Constitution, have all the force of legislative enactments. Wherever authority is given by the charter for the doing of a particular act and the method of doing it prescribed, such authority and method prevail over anything to the contrary on the subject that may be provided by ordinance of the municipal assembly of the city in exactly the same sense that an act of the Legislature prevails over an ordinance of the assembly in St. Louis or the common council in other cities of the State; or as the Constitution prevails over the statute. Section 14 of article 6 of the city charter specifically prescribes the assessment district for any given street improvement. Any act of the municipal assembly attempting by ordinance to change the district so

fixed, would be a nullity; and any act of the assembly fixing the same district would be surplusage. So, if the charter has been followed in fixing the assessment district for this improvement, neither an ordinance provision or the absence of one on the subject is of any consequence. Sec. 14, art. 6, clause 3, Charter of St. Louis; Meier v. St. Louis, 180 Mo. 391; State ex rel. v. St. Louis, 183 Mo. 230; Paving Co. v. McManus, 144 Mo. App. 593. (2) The provision of the city charter, establishing the taxing district for an improvement provides first, that "A line shall be drawn midway between the street to be improved and the next parallel or converging street on each side of the street to be improved, which line shall be the boundary of the district, except as hereinafter provided. This is the general provision applicable in the great majority of instances; and where there are parallel streets on both sides of the one improved, there is no other method prescribed in the charter for laying out the district. Neither the distance from the improvement of the parallel streets or either of them, nor the condition of the interlying land, as to being platted or unplatted, can in any way affect the absolute rule thus fixed by the charter. All property, which in the judgment of the framers of the charter cannot be equitably assessed under this general plan, is provided for in the exceptions thereto, noted in the same paragraph and section of the charter; and such general plan, together with the exceptions so noted, comprehends all classes and conditions of property within the city limits, both private and public, and subjects all to a fixed proportion of the burden of street improvement. Par. 4, sec. 14, art. 6, Charter of St. Louis; Collier v. Paving Co., 180 Mo. 362; Construction Co. v. Shovel Co., 211 Mo. 524; Gilsonite Co. v. St. Louis Fair Assn., 231 Mo. 589. (3) Section 14, article 6 of the charter, and the following sections, relating to public improvements of the class in controversy here, are valid enactments of

the people acting in a legislative capacity, and a proceeding under these provisions of the charter, conducted in the manner authorized thereby, does not deprive any person of property without due process of law, nor deny to any person the equal protection of the law; and the creation of special taxes, by a proceeding under the foregoing charter provisions, is a rightful exercise of the taxing power of the State. St. Louis v. Fisher, 167 Mo. 660; Fruin-Bambrick v. Shovel Co., 211 Mo. 524; Paving Co. v. French, 158 Mo. 534; Prior v. Construction Co., 170 Mo. 439; Construction Co. v. Railroad, 206 Mo. 179; Railroad v. Paving Co., 197 U. S. 433; Gilsonite v. St. Louis Fair Assn., 231 Mo. 589; Meier v. St. Louis, 180 Mo. 391; Norwood v. Baker, 172 U. S. 269; French v. Paving Co., 181 U. S. 324; Cotting v. Godard, 183 U. S. 110; Forsyth v. Hammond, 166 U. S. 506; Spencer v. Merchant, 125 U. S. 345; Parsons v. District of Columbia, 170 U. S. 45; Schaefer v. Werling, 188 U. S. 516; Railroad v. Porter, 210 U. S. 177; Heman v. Schulte, 166 Mo. 409; Land & Stock Co. v. Miller, 170 Mo. 240; Keith v. Bingham, 100 Mo. 300.

BROWN, P. J.—Plaintiff sues to enforce a special tax bill in the sum of $243.41 against a strip of land 145 feet wide by 155 feet long owned by defendant in the city of St. Louis, Missouri.

Said tax bill was issued for part of the costs of paving and improving Delmar avenue, a public street running east and west through said city.

Under the charter of St. Louis the cost of improving its streets is taxed against the lots or lands on each side of the street improved. The lands thus classified for taxation are called "benefit districts," because they are supposed to be benefited on account of their proximity to the street to be improved. One-fourth of the cost of such street improvements is levied upon the frontage of the property abutting or adjoin-

ing the street to be improved, and the remaining three-fourths of such cost upon the area of·such lands as fall within the limits of the benefit district.

The charter fixes the boundaries of benefit districts at a line to be drawn midway between the street to be improved and the next parallel or converging street on each side thereof.

In this case the nearest street on the north side of Delmar avenue is Von Versen avenue, distant 350 feet, so that the assessment district on that side of Delmar avenue was only 175 feet deep; but on the south side of Delmar avenue the nearest parallel street is Waterman avenue, distant from Delmar avenue 1438 feet, so that the benefit district on the north side of Delmar avenue is 719 feet deep. The defendant's land is situated 450 feet south of said Delmar avenue; consequently, it was all included in the benefit district for improving said Delmar avenue, and taxed for that improvement according to its area. Hence the tax bill upon which plaintiff's judgment is based.

The plaintiff's petition recites the full performance of all things necessary and requisite to the issue of a valid tax bill against defendant's land.

Defendant's answer, in addition to some facts which he does not now urge for reversal, contains the following allegations (italics are ours):

"1. Defendant further says that there is a parallel or converging street on the north side of Delmar boulevard to fix and locate the district line on the north side of said Delmar boulevard, to-wit, Von Versen avenue, which street is north of and parallel with and distant from the said Delmar boulevard 350 feet, making said northern district line 175 feet north of the north line of Delmar boulevard.

"2. Defendant further says that if the district line on the south side of Delmar boulevard had been drawn the same distance from Delmar boulevard as the district line on the north line of said street, to-wit,

175 feet south of the south line of Delmar boulevard, and if said district line had been so drawn, this defendant's property would be wholly without the assessment district, and that if, in drawing the district line south of Delmar boulevard, the district north of said Delmar boulevard is to be disregarded and the district line on the south side of said Delmar boulevard drawn 300 feet south of and parallel with the south line of said Delmar boulevard, then the defendant's said property would be wholly without the assessment district.

"3. This defendant further states that the northern boundary line of the lot or parcel of land owned by the defendant and above described is a line situated 450 feet south of and parallel to the southern boundary line of Delmar boulevard, and that the northern line of said Waterman avenue is distant 1438.82 feet south of and parallel with the south line of Delmar boulevard, and that the entire tract or parcel of land between the said Delmar boulevard on the north and the said Waterman avenue on the south and DeBaliviere avenue on the east and the proposed western line of Hamilton avenue on the west, is vacant and unimproved property *and has never been platted and laid out in lots and blocks, nor has it any streets dedicated therein, but that if the plan of the city of St. Louis is carried out as the same exists immediately east of this tract of land, there will be laid out through said tract four streets running east and west, which streets will be between and parallel with the said Delmar boulevard and said Waterman avenue; that said streets have already been surveyed.*

"4. Defendant further states that the total area of the entire tract laid out as and for the taxing district for the improvement of Delmar boulevard between Hamilton avenue and Clara avenue is 2,059,165 square feet; that of this total area but 398,679 square feet lie north of Delmar boulevard and 1,660,486 square feet lie south of the said Delmar boulevard; that of

the three-fourths of the total cost for the improvement of said Delmar boulevard $4438.08 has been assessed against that portion of said district lying north of said Delmar boulevard, and $18,484.50 has been assessed against that portion of the district lying south of said Delmar boulevard.

"5.   Defendant further states that the northern boundary of the district north of Delmar boulevard is drawn on and along a line distant 175 feet from and parallel with the northern line of said Delmar boulevard, while the southern line of the taxing district south of said Delmar boulevard is drawn on and along a line distant 719.41 feet south and distant from the south line of said Delmar boulevard.

"6.   This defendant states that said special tax bill is excessive, unjust, illegal and void, for the reason that the district upon which said three-fourths of the cost of the improvement was levied and assessed as aforesaid is not a lawful district for the levy and assessment of special taxes for the reconstruction of said Delmar boulevard.

"7.   Defendant further says that if said special tax bill was issued according to the aforesaid provisions of the charter of the city of St. Louis, and if the district as established for the assessment of the cost of said improvement conforms to the provision of said charter, the said tax bill is nevertheless unlawful and void, because the provisions of the said charter of the city of St. Louis above mentioned are unconstitutional, in this, that said section 14 of article 6 of said charter is in contravention of and violates section 1 of article 14 of the amendments of the Constitution of the United States, in that, and by the operation of the aforesaid provisions of the charter of the city of St. Louis in and through the enforcement of the said special tax bill issued under the authority of said charter, the defendant is and will be deprived of his property without due process of law and will be de-

nied the equal protection of the law, in that defendant's property is subjected to the lien of said assessment, while other land on the north of said Delmar boulevard and similar in location to defendant's property in respect to said Delmar boulevard, is not subjected to the lien of its pro rata share of the cost of said improvement, *and in that it subjects defendant's property to a tax for the improvement of Delmar boulevard which improvement is no benefit whatever to the defendant's property in question, or of no greater benefit to him, or his property, than that of any other person or property in St. Louis, for the reason that this defendant can make no use of said improved street in connection with his property in question.*

"8.  Defendant further states that if the said district as established for the assessment of the cost of said improvement is a legal and proper district under the law of the State of Missouri, and that if the construction of the law and the city charter of the city of St. Louis shall be adopted to have the meaning exemplified by such district, then the results of such construction of such charter and law would have the effect in the city of St. Louis of compelling the authorities of the city of St. Louis to form districts upon which assessments would be levied upon one side of a certain street upon 125 feet of ground and upon the other side of the street upon 5000 feet of ground, that is to say, that property upon one side of the street would be assessed for fifty times as much as the property upon the other side of the street for the same improvement; that such a taxation as is shown by this tax bill and as would be exemplified in other parts of the city of St. Louis would render the charter a power through which a property-owner's property would be confiscated.

"9.  Defendant further says that said tax bill is void for the further reason that said taxing district

was not fixed by valid legislation, in this, that said district was not fixed by ordinance as contemplated by law, but was fixed, determined, laid out and established by some person or persons unknown to the defendant and unauthorized by law.''

In the pleadings and plats filed in this cause the street which was improved is sometimes called Delmar avenue, and at other times Delmar boulevard.

Upon the coming in of said answer plaintiff moved the court to strike out the above quoted clauses thereof, for the reason that said quoted part of said answer contains only ''conclusions of law and erroneous constructions of law applicable to this case, which constitute no defense or manner of defense to plaintiff's action,'' which said motion to strike out was sustained by the court and defendant excepted. The defendant refused to plead further, and the judgment appealed from followed. The matters pleaded in that part of defendant's answer which was stricken out tender the only issues relied upon for reversal.

## OPINION.

I. The facts and issues in this case are almost precisely the same as in the case of the Gilsonite Roofing & Paving Company v. St. Louis Fair Association, 231 Mo. 589, determined by this Court *in Banc* December 17, 1910. In the last mentioned case the validity of the special tax bill sued on was challenged by a demurrer to plaintiff's petition, raising the same objections to that tax bill which are pleaded here in that part of defendant's answer which was stricken out.

**Stare Decisis.**

The tax bills in litigation in each case were issued under the same provisions of the charter of St. Louis, and the same constitutional provisions, and to a large extent the same decisions were relied upon to establish the invalidity of the tax bills in each case.

In the case against the St. Louis Fair Association, supra, the lands of that defendant were unplatted ground (the same as in this case) and the benefit district extended back into defendant's lands 1947 feet, while in this case the benefit district extended back only 719 feet from the street improved. If it be unconstitutional or unlawful to make the benefit district deeper on one side of the street to be improved than on the other side, then the Fair Association case was a stronger one for the defendant than this, yet the tax bill in that case was upheld by this court.

In said case of Gilsonite Roofing & Paving Company v. St. Louis Fair Association, VALLIANT, J., reviewed the authorities relating to the issues which are urged by learned counsel for defendant in this case: Fruin-Bambrick Construction Co. v. St. Louis Shovel Co., 211 Mo. 524; State ex rel. v. St. Louis, 211 Mo. 591; Collier Estate v. Paving Co., 180 Mo. 362; and Meier v. City of St. Louis, 180 Mo. 391; so it would seem like a useless task to again review the authorities and thereby pad our official reports with a decision which could add nothing to the well-established rules of law in our State.

II.  However, the defendant having alleged in his answer that the improvement of Delmar avenue for which plaintiff's tax bill was issued was of "no benefit whatever to defendant's property in question, or of no greater benefit to him, or his property, than that of any other person or property in St. Louis, for the reason that this defendant can make no use of said improved street in connection with his property in question;" and plaintiff having admitted the truth of those allegations by his motion to strike out (Paddock v. Somes, 102 Mo. 226), defendant insists that the issues in this case are different from those heretofore presented to this court in other cases cited.

*Demurrer. What it Admits.*

Briefly stated, his contention is that for the purpose of this case it stands admitted that defendant's land will not be benefited in any manner by the improvement of Delmar avenue.

It is a settled rule of law that a demurrer admits the truth of all well pleaded facts, but does not admit conclusions of law or mere matters of opinion on the part of the pleader.

When a pleader asserts that certain admitted facts produce a result which the court from its own judicial knowledge knows is not the result or probable result of such admitted facts, are such conclusions of the pleader presumed to be true? We think not. A demurrer admits facts well pleaded, but in the very nature of things it does not admit the truth of conclusions, conjectures or mere matters in the nature of prophecy or prediction asserted by the pleader *arguendo*. (Donovan v. Boeck, 217 Mo. 70; Meek v. Hurst, 223 Mo. 688; 31 Cyc. 333.]

Not only have the people of St. Louis, acting in a legislative capacity, adopted a charter which declares that the paving or improvement of public streets will benefit all property situated nearer to the street improved than to any other parallel public street, but it is within the judicial knowledge of this court that, except possibly in rare cases, the value of town or city property is directly increased by the construction or paving of streets in front of or near such property. If defendant's parcel of land is of such a peculiar character that it will be injured or not benefited by bringing a paved street within 450 feet of it, the facts which make it an exception to the general rule should have been specifically pleaded so that we could understand them.

If the lands surrounding defendant's property are unfenced and uncultivated, he may, perchance, pass over them from Delmar avenue and reach his property without obstruction or objection. It seems to be a cer-

tainty that if he has no other method of reaching his land he may condemn a private roadway to same, and thus connect his property with an open street. [Sec. 20, Art. 2, Constitution of Missouri, and Sec. 10447, R. S. 1909.]

Under the facts before us in this case we are not able to agree. to defendant's assertion that his land was not benefited by the paving of Delmar avenue.

III.  The assertion of defendant that the city of St. Louis has caused to be surveyed and will cause to be constructed four additional streets between Delmar avenue and Waterman avenue, and that defendant's land will be specially taxed for each of said streets, suggests issues which cannot be considered in this case, and upon which we express no opinion.  We may, however, be pardoned for suggesting, by way of *obiter,* that if the officers of St. Louis are designedly and capriciously attempting to open and construct streets in such manner as to place burdens upon plaintiff which he cannot in good conscience be required to bear, he may secure relief by a timely application to a court of equity.  There is no such case before us now.

The defendant having remained inactive and allowed the city to let a contract to improve Delmar avenue, and the plaintiff having expended its money in paving and improving that street in accordance with its contract, defendant cannot in this case escape the legal burden which had been placed upon his land as a result of such improvement.

IV.  The further contention of defendant that the boundaries of the benefit district for improving Delmar avenue, which benefit district includes plaintiff's lands, should have been fixed by an ordinance is wholly untenable.  The charter of St. Louis automatically fixes the bound-

*[margin note: More streets, More Taxes.]*

*[margin note: Benefit Districts.]*

aries of benefit districts at the time contracts for the construction or improvement of streets are let and the tax bills issued for such improvements. [State ex rel. Paving Co. v. City of St. Louis, 183 Mo. 230, l. c. 236, and cases there cited.] The officers of a city usually do prepare for their own convenience maps showing the boundaries of benefit districts. The correctness of such maps depends entirely upon the observance of the mandate of the city charter.

The tax bill upon which plaintiff's judgment is predicated is legal according to the repeated decisions of this court, and the judgment for the plaintiff is affirmed.

*Faris* and *Walker, JJ.,* concur.