ALFRED C. F. MEYER, Appellant, v. CLARA P. BOBB, Respondent.

St. Louis Court of Appeals. Argued and Submitted October 5, 1914. Opinion Filed November 3, 1914.

1. SPECIAL TAX BILLS: City of St. Louis: Passage of Ordinance Notwithstanding Remonstrance: Sufficiency of Record. In an action on a special tax bill issued for the cost of paving a street in the city of St. Louis, *held* that the record of the Board of Public Improvements, reciting that, by unanimous vote, an ordinance providing for the paving of the street was approved, notwithstanding a majority of the property owners affected had filed a remonstrance against the improvement, "the improvement being deemed necessary," and that the ordinance was ordered forwarded to the municipal assembly for passage, was a sufficient compliance with Sec. 14 of Art. 6 of the Charter of

said city, which provides that, when a majority of the property owners affected by a proposed improvement shall file a written remonstrance against it, the board shall consider such remonstrance, and if it shall, by a two-thirds vote, at a regular meeting, approve the improvement, it shall cause an ordinance for the same to be prepared and report the same with the reasons for its action and the remonstrance to the municipal assembly; a substantial compliance with said provision being sufficient.

2.  ———: ———: ———: ———. In an action on a special tax bill issued for the cost of paving a street in the city of St. Louis, *held* that the record of the Board of Public Improvements, reciting that, by unanimous vote, an ordinance providing for the paving of the street was approved, notwithstanding a majority of the property owners affected had filed a remonstrance against the improvement, "the improvement being deemed necessary," and that the ordinance was ordered forwarded to the municipal assembly for passage, was sufficient to authorize the secretary of the board, in transmitting the proposed ordinance to the municipal assembly, to write: "I am instructed to say that the Board of Public Improvements having considered such remonstrances is nevertheless of the opinion that the public interest demands this improvement and that it recommends the ordinance above named for passage by a unanimous vote of all members present."

3.  ———: ———: ———. It is sufficient to substantially comply with the provisions of Sec. 14 of Art. 6 of the Charter of the city of St. Louis, which provides that, when a majority of the property owners affected by a proposed improvement shall file a written remonstrance against it, the board shall consider such remonstrance, and if it shall, by a two-thirds vote, at a regular meeting, approve the improvement, it shall cause an ordinance for the same to be prepared and report the same with the reasons for its action and the remonstrance to the municipal assembly.

4.  ———: ———: Improvement of Streets: Charter Construed. Sec. 15 of Art. 6 of the Charter of the city of St. Louis, which forbids the improvement or repair by the city of streets not acquired "according to the provisions of this Charter and law," permits the improvement or repair of streets acquired under the statutes or the common law, as well as those acquired under the provisions of the Charter.

5.  APPELLATE PRACTICE: Special Findings: Review. While it is true that a special finding of facts, under Sec. 1972, R. S. 1909, made by the trial court, in an action at law tried to the court, has the effect of a special verdict, and that such finding, if supported by substantial testimony, is controlling upon the

appellate court, yet, in order to sustain the finding, it must appear that the trial court applied correct principles of law to the facts.

6. **ROADS AND HIGHWAYS: Municipal Corporations: Title to Street by Adverse User.** Sec. 1882, R. S. 1909, is applicable where title to a public road or street is sought to be established by adverse use, and hence possession of part of a strip of land for highway purposes, under claim and color of title to the whole, for the requisite period of years, gives title.

7. ———: ———: ———: **Color of Title.** A duly filed plat, which purported to convey to the public the whole of a street shown on it is sufficient to constitute color of title, although it was executed by the owners of only three-fifths of the land affected, so that, under Sec. 1882, R. S. 1909, actual possession of only the traveled path on such platted street, under claim of title to the whole, for ten years or more, gave title to the whole.

8. **SPECIAL TAX BILLS: Validity: Rules of Decision.** The trend of modern decisions is not to look upon special tax bills issued for public improvements with so critical an eye as to overthrow them, when it appears that the work was provided for by law, was let in accordance with law, was performed in a satisfactory manner and according to the contract, and the complaining property owner stood by and made no objections and instituted no proceeding to stop the work.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED (*with directions*).

*Hickman P. Rodgers* and *Schulenburg & Diehm* for appellant.

(1) The special tax bills made a prima-facie case for plaintiff on each count. Charter, City of St. Louis, Art. 6, sec. 25; Vieth v. Planet P. & F. Co., 64 Mo. App. 207. (2) (a) The action of the Board of Public Improvements in recommending the improvement and its secretary in transmitting same to the Municipal Assembly were in substantial, if not literal, compliance with the charter; and substantial compliance is all that the law requires. Cole v. Skrainka, 37 Mo. App. 427;

105 Mo. 303; Steffen v. Fox, 56 Mo. App. 9; Sheehan v. Owen, 82 Mo. 458; Jaicks v. Merrell, 201 Mo. 91.  (b) Every requirement of the charter is not mandatory; and to ignore a directory provision is not fatal to proceedings.    Tarkio v. Cooke, 120 Mo. 1; City of Rockville v. Merchant, 60 Mo. App. 365; McQuillin on Mun. Ord., sec. 116.   (3) (a)  The existence of a highway by prescription may be established by parol evidence of user for a period of ten years or more.   Dowdend v. Kansas City, 156 Mo. 60.   (b)  And upon acceptance by the municipality it becomes a public street; and such acceptance may be express or implied.   Benton v. City of St. Louis, 217 Mo. 687.   (c)  The city of St. Louis by its ordinance to improve Cooper street fifty feet wide accepted it as a street of that width. (d)   The use of a road by the public under an attempted dedication is presumed to be co-extensive with the recorded location; and the limits of the road are not confined to the parts actually used.   1 Elliott on Roads and Streets (3 Ed.), sec. 193; 7 Central Law Journal (1878), p. 125; Pillsbury v. Brown, 82 Me. 480.   (4)  (a)  Common-law dedications of highways are valid in this State.   State v. Muir, 136 Mo. App. 118.   (b)  This is true of streets in the city of St. Louis.   McGinnis v. St. Louis, 157 Mo. 191.   (5)  (a) John H. Bobb by his conduct in participating, as trustee, in the attempted dedication and afterwards acquiring outstanding interests in the intended portion of the highway, was estopped to assert title to it afterwards.   (b)  His knowledge of the defective dedication and silence on the subject when he knew the street was to be improved also worked an estoppel.  Granite Bit. Pav. Co. v. Fleming, 251 Mo. 210.   (c)  And that estoppel binds his heirs, devisees and all those claiming through or under him.   (6)  If a part of Cooper street was not a lawful highway, the extent of respondents' remedy, if any, would have been a reduction in the amount of the tax bills.   But, having failed to plead

and prove facts entitling them to such reduction, and having sought to entirely defeat the bills, they are now entitled to no relief·on that account. Niel v. Ridge, 220 Mo. 233.

*T. J. Rowe* for respondent;

*David Goldsmith* for respondents in Meyer v. Goldsmith, *post.*

(1) Since no error is assigned with respect to the pleadings, the evidence or the instructions, the judgment of the trial court should be affirmed, if it can be sustained on any reasonable theory. Jordan v. Davis, 172 Mo. 608; Crain v. Peterman, 200 Mo. 295; New York Life Ins. Co.. v. McDearmon, 133 Mo. App. 671. (2) The special tax bills sued upon are invalid, if Cooper street was not fifty feet wide. Lorenz v. Armstrong, 3 Mo. App. 574; Carroll v. City of St. Louis, 4 Mo. App. 191; Spaulding v. Wesson, 115 Cal. 441; Mayor v. Hook, 62 Md. 371; In re Petition of Cheesebrough, 78 N. Y. 232; Hennessy v. City of St. Paul, 44 Minn. 306; Morse v. Stocker, 1 Allen 150; Charter of City of St. Louis, Art. 6, sec. 15. (3) The attempted dedication in question was invalid, because all the tenants in common, owning the property, did not join therein. City of St. Louis v. Laclede Gas Light Co., 96 Mo. 197; Marshall v. Anderson, 78 Mo. 85. (4) The judgment of the trial ·court is conclusive against the claim of prescription, since it is supported ·by substantial evidence. Bond & Stock Co. v. Houck, 213 Mo. 426; Brewing Co. v. St. Louis, 209 Mo. 600; Cobb v. Holloway, 129 Mo. App. 212. (5) There is no substantial evidence of any user, adverse or otherwise, of the strip of land in question; but, if the user shown in this case had extended beyond the thirty feet constituting Cooper street, it still would not have

185MoApp44

been an adverse user, such as is required for the purposes of a claim of prescription. Musick v. Barney, 49 Mo. 463; Heckerscher v. Cooper, 203 Mo. 293; Bauman v. Boeckler, 119 Mo. 199; State of Kansas v. Horn, 35 Kan. 717; Burnley v. Mullins, 86 Miss. 441; McKinney v. Duncan; 118 S. W. 685; Tutweiler v. Kendall, 133 Ala. 665; City of Ottawa v. Lentzer, 160 Ill. 516; Kirk v. Smith, 9 Wheat (U. S.) 241; Palmer v. City of Chicago, 248 Ill. 201. (6) The claim that John H. Bobb was estopped, by reason of his having joined in the attempted dedication, from asserting any claim to the strip in question, cannot be raised on this appeal, since the plat for that dedication is not before this court. Wack v. Railroad, 175 Mo. App. 128. (7) Nor was he estopped, since his grantors, John Letcher and Jacob J. Letcher, were not estopped. Indeed, the conveyance by said grantors to him of the strip was a repudiation of the attempted dedication. City of Chicago v. Drexel, 141 Ill. 89; Lightcap v. Town of North Jordan, 154 Ind. 43. (8) Nor is there ever room for any estoppel, as between the grantors and the public, in matters of dedication prior to the acceptance of the dedication. City of St. Louis v. St. Louis University. 88 Mo. 159; Field v. Manchester, 32 Mich. 279; Village of Vermont v. Miller, 161 Ill. 210; In re Opening of Beck Street, 44 N. Y. Supp. 1087; City of Galveston v. Williams, 69 Texas, 449; Town of Cambridge v. Cook, 97 Iowa, 599. (9) Mr. Bobb was not estopped by silence. He was not silent; but, if he had been, no estoppel would have arisen. Perkinson v. Hoolan, 182 Mo. 189; McCormick v. Moore, 134 Mo. App. 680; Cox v. Mignery & Co., 126 Mo. App. 669; Dameron v. Jameson, 143 Mo. 491. Nor would an estoppel arising after the enactment of the ordinance for the improvement of Cooper street be of any avail. Hennessy v. City of St. Paul, 44 Minn. 307. (10) The ordinance for the improvement of Cooper street is invalid, because mandatory provisions of the charter of the city of St.

Louis, in regard to the proceedings for its enactment, were not observed. Charter of City of St. Louis, Art. 6, sec. 14. (11) The letter of the secretary of the Board of Public Improvements, purporting to convey the reason of the board for adopting the ordinance, was not authorized. (a) The authority could be shown only by the records of the board, and does not appear therefrom. Fruin-Bambrick, etc., Co., v. Geist, 37 Mo. App. 512; Larned v. Briscoe, 62 Mich. 393; Kidson v. Bangor, 99 Maine, 139; Woerner's Revised Code of Ordinances, ch. 24, art. 1, secs. 1912, 1935; City of Belleville v. Miller, 257 Ill. 244; Sedalia ex rel. v. Scott, 104 Mo. App. 604; Eastland v. Fogo, 58 Wis. 271; Pelham v. Pelham Telephone Co., 131 Ga. 325. Nor does the secretary's testimony show any such authority. (12) There is no merit in the contention of the appellant, that the respondents were entitled to only a *pro tanto* reduction of the tax bills sued upon. (a) The ordinance for the improvement of Cooper street was invalid, and the special tax bills therefor were consequently wholly void. Ramsey v. Field, 115 Mo. App. 626; Hennessy v. City of St. Paul, 44 Minn. 307, 308; Spaulding v. Wesson, 115 Cal. 444. (b) If a special tax for a reduced amount could be levied for the improvement, the property assessed, as well as the amount of the assessment, would be different from those specified in the tax bills sued upon. The trial court would not have the power to determine the amount and property in this action, but new or amended tax bills would be necesary. Heman v. Farish, 97 Mo. App. 401; St. Louis v. Brinckwirth, 204 Mo. 297; Bank v. Manning, 133 Mo. App. 294; Charter of St. Louis, Art. 6, sec. 25; Paving Co. v. Peck, 186 Mo. 520. (c) And even if the trial court had possessed that power, it could not have exercised it, since the evidence would not have enabled it to determine either the amount or the property, and the burden of producing such evi-

dence would have been upon the appellant. Haag v. Ward, 186 Mo. 349.

REYNOLDS, P. J.—This is an action to enforce three special tax bills, the bills issued by the city of St. Louis against defendant's property to plaintiff's assignor for paving that portion of Cooper street in the city of St. Louis lying between Old Manchester road on the south and Bischoff avenue on the north. The petition is in the ordinary form.

The amended answer upon which the case was tried admitted that the city of St. Louis, by authority of a certain ordinance, had entered into a written contract with plaintiff's assignor for the improvement of the street, but avers that the ordinance was null and void and the Municipal Assembly without authority to pass it. First, because, being null and void, it would deprive defendant of the equal protection of the laws and deprive her of her property without due process of law, contrary to the amendments of the Constitution of the United States and to sections 20 and 30, article II, of the Constitution of this State. Setting out the first paragraph of section 14, article VI, of the Charter of the city of St. Louis, it is averred that in January, 1909, a public meeting of the Board of Public Improvements of the city of St. Louis was held to consider the improvement of Cooper street between Old Manchester road and Bischoff avenue; that within fifteen days after the public meeting the owners of the major part of the area of the land made taxable for the improvement of Cooper street between Old Manchester road and Bischoff avenue filed with the Board of Public Improvements their written remonstrance against the proposed improvement; that thereafter, in direct violation of the Charter, the Board of Public Improvements caused the ordinance to be prepared and reported to the Municipal Assembly without legal and proper reasons for their action and for making said

improvements, as required by article VI, section 14; that on January 15, 1909, the secretary of the board transmitted to the Municipal Assembly a draft of the ordinance with a communication signed by him as secretary, which, so far as here material, stated that he, the secretary, had the honor to report "that the Board of Public Improvements has adopted drafts of ordinances hereinafter named and respectfully recommends the same for passage by the Municipal Assembly." Referring to and including the proposed ordinance relating to the improvements of Cooper street, the letter of transmittal of the secretary continues: "Accompanying the above-named ordinance are written remonstrances of the owners of the major part of the property on the line of the proposed improvements, and I am instructed to say that the Board of Public Improvements, having considered said remonstrance, is nevertheless of the opinion that the public interests demand these improvements and that it recommends the ordinance above-named for passage by a unanimous vote of all the members present." This is signed by the secretary.

It is charged in the answer that this letter of the secretary was beyond his authority and not warranted by any action of the board, and that two-thirds of the Board of Public Improvements failed and neglected, as in duty bound, by virtue of article VI, section 14, of the Charter "to report their reasons to the Municipal Assembly for their action in approving the said improvement of Cooper street." Hence it is charged that the ordinance was illegal and void for that reason. It is further charged that to assess the tax bills against the property of plaintiff under these pretended ordinances would take defendant's private property for a public use without just compensation, in violation of section 21 of the second article of the Constitution of this State, and would deprive her of her property, contrary to article I, section 14, of the amendments to the

Constitution of the United States, and to section 30, of article II, of the Constitution of this State.

It is further set up in the answer that section 15, article VI, of the Charter of the city of St. Louis, provides that no improvements shall be ordered on any street "which shall not have been opened, dedicated or established according to the provisions of the Charter of the city of St. Louis and according to law." That the Cooper street which is mentioned in the several counts of the petition, in the ordinance and in the contract under which plaintiff's assignor did the work, was not at any of the times mentioned, or at any other time, opened or dedicated or established according to the provisions of the Charter of the city of St. Louis or in accordance with law, and that Cooper street was not at any of the times mentioned or referred to, or at any other time whatsoever, a public street or highway of the city of St. Louis, and that the ordinance and the contract referred to are illegal, null and void because the city of St. Louis, by reason of the provisions of section 15, article VI, of its Charter, is prohibited from passing the ordinance or letting the contract, and that all work done on Cooper street was done without warrant or authority of law.

A lengthy reply was filed to this, denying generally the allegations. Particularly replying to the last cited allegation, the reply avers that Cooper street, at the place referred to in the petition, was and is in truth and in fact a public street of the city of St. Louis, and that so far as the eastern twenty feet of the street are concerned, defendant is estopped to deny that the same is a public street for the reason that defendant acquired her right, title and interest in and to the property in the petition described by devise from one John H. Bobb, now deceased; that heretofore, by conveyance dated June 27, 1866, John H. Bobb with one William C. Jamison acquired title to a one-fifth interest in the eastern twenty feet of what is now Cooper street,

in trust for the sole use and benefit of one Robert F. Letcher; that subsequent thereto Bobb and Jamison, as trustees, joined with the majority of the other owners of what is now Cooper street in the execution of a certain plat of an addition to the city of St. Louis known as "Fairmont," recorded in the office of the recorder of deeds of the city of St. Louis, by which plat the parties dedicated Cooper street as a public street, and that Cooper street has been duly accepted as a public street by the city of St. Louis; that this plat was signed by all of the owners of the adjacent land except John L. and Jacob J. Letcher, who together owned an undivided two-fifths interest in that portion of the street between Manchester road and Bischoff avenue, and that this interest was subsequently acquired by John H. Bobb, who devised it to defendants; that by the execution of the plat as trustees for Robert F. Letcher, Bobb became forever estopped from afterwards acquiring an outstanding interest in that portion of Cooper street and from claiming the same as his private property free from the public easement, and that defendant is estopped by reason of having acquired her interest through John H. Bobb; that at the time the work was done John H. Bobb was alive, and was the owner of the property in plaintiff's petition described; that he had full knowledge of all the matters and facts connected with the dedication of Cooper street as a public street; had full knowledge of the manner and the occasion upon which the respective dedications of the various portions of Cooper street were made and of all things connected therewith; that John H. Bobb knew all the facts connected with the ownership of this eastern twenty feet, knew of its dedication by the owner of three-fifths thereof as a public street; that he thereafter acquired the interest of the owners of the other two-fifths and that, with full knowledge of all of the foregoing facts at the time the work of improvement was done and the ordinances

authorizing the same were passed, well knowing that the street improvement was to be paid for by special assessment, he had failed to assert any title to that portion of Cooper street and failed to take any action to prevent the work from being done. Wherefore it is claimed that he was, and defendant, as his devisee, is estopped from now disputing the title.

The trial was before the court without the intervention of a jury, being submitted to the court in part on stipulation of fact as to the passage of the ordinance, execution of the bills and notice, etc., and on oral testimony as to the location of Cooper street and its use by the public, its width and location being gone into quite extensively on the theory that a right had been acquired to the public by use and prescription, although as will be noticed, that does not appear to have been distinctly pleaded.

At the request of plaintiff the court made a finding of facts, which, in addition to the admissions in the pleadings and agreed statement of facts, is to the effect: First, that the secretary of the Board of Public Improvements had no direct authority from the board to write the letter of January 5th, or to report and recommend to the Municipal Assembly the ordinance for the improvement of Cooper street. Second, that Cooper street between Old Manchester road and Bischoff avenue is only thirty feet in width and that the addition of twenty feet along the east side, which was improved along with the thirty feet under the ordinance, was never acquired by the city by dedication or by prescription; that in 1868, there was a road legally established in St. Louis county, in which the premises were then located, having a width of thirty feet between Manchester road and Bischoff avenue, which is now known as Cooper street; that over this road, which was unimproved, there was a wogan road of a width of between eight and twelve feet; that the thirty-foot strip is the western part of Cooper street;

that the only use made of said thirty-foot strip was by travel along the wagon road, and that the wagon road lies entirely within the west thirty feet, except that it diverged eastwardly at one or two points and particularly at one point where there was a tree in the center of the road, around either side of which the road was used; that the road east of the thirty-foot strip was unfenced and uncultivated; that no public labor or money was expended on the twenty-foot strip of ground east of the strip described when the ordinance for its improvement was passed, and that prior to the passage of the ordinance there was not at any time an open, notorious and adverse use of the twenty feet adjoining said road for ten consecutive years sufficient to constitute a road by prescription; that the twenty-foot strip was not laid out, worked or improved by public authority prior to 1909.

The court in a written memorandum also stated that he saw no ground of estoppel as against defendant, and that if this was a case in which there could be an apportionment, which he doubted, there is no evidence by which the apportionment could be made. He accordingly rendered judgment for defendant. Plaintiff filed a motion for new trial, and saving exception to the action of the court in overruling it, has duly perfected appeal to this court.

This court, on motion of counsel for respondent, transferred the cause to the Supreme Court on the ground that this case involved the construction of the Constitution of the United States and that of this State, and that title to real estate was involved. The Supreme Court, holding that there were no such questions involved, sent the case back to our court. Hence these questions, so far as we are concerned, are out of the case.

There are just two points for our consideration and determination. First, action by the Board of Public Improvements in transmitting the ordinance to the

Meyer v. Bobb.

Municipal Assembly; second, the question of title in the public to what is known as Cooper street.

As to the first proposition, it appears from the record of the Board of Public Improvements that the committee on street department presented to the board for its approval an ordinance to improve Cooper street between Old Manchester road and Bischoff avenue, estimating the cost to the property owners at $12,521. The committee also noted that there was a majority remonstrance against the improvement. This report appears to have been signed by all the members of the committee. Whereupon this entry appears: "Report of committee adopted, estimate of committee and draft of ordinance was approved; notwithstanding the majority remonstrance, the improvement being deemed necessary, and forwarded to the Municipal Assembly for passage in each case by the following vote." Here follow the names of all the members of the board. It was after this action that the secretary transmitted this ordinance with others and the remonstrances to the Municipal Assembly by the letter hereinbefore set out.

We are unable to agree with the learned trial judge that this was an insufficient compliance with the Charter. It very clearly appears that with the remonstrances of the majority of the property owners before it, the proper committee drafted the ordinance and submitted it to the board with the remonstrances, by unanimous vote of the committee; that then the board, by unanimous vote, approved of the action of its committee, accepted its estimate, and directed that the ordinance with the remonstrances be forwarded in the Municipal Assembly for passage.

It is argued that the board in using the words "the improvement being deemed necessary," had not made a sufficient statement of its reasons for its action, and that there was no authority contained in the recorded action of the board for the secretary, in trans-

mitting the ordinance, to write, "and I am instructed to say that the Board of Public Improvements, having considered such remonstrances, is nevertheless, of the opinion that the public interests demand these improvements and that it recommends the ordinance above-named for passage by a unanimous vote of all members present." It is true that this letter of transmittal of the secretary is fuller than the minute of the board, but that it correctly stated just what action the board had taken, is clear. He was secretary and undoubtedly the officer through who the board would act in the transmittal of its reports to the Municipal Assembly. It is true that the words in the resolution of the Board are, "the improvement being deemed necessary," while the secretary in transmitting the ordinance and remonstrances wrote that he was instructed to say "that the Board of Public Improvements, having considered said remonstrances, is nevertheless of the opinion that the public interests demand these improvements." But we see no substantial difference between them; those used by the board as recorded in its minutes are sufficient and as transmitted by the secretary, they, while fuller, conveyed the same and the essential idea, that is to say, that the board, notwithstanding the remonstrances, recommended the improvement as necessary and that was the requirement of the Charter.

Substantial compliance with the provisions of the Charter is all that is required, as has been many times held by the Supreme Court and by our court, as see, in passing, Cole v. Skrainka, 105 Mo. 303, 16 S. W. 491, s. c. 37 Mo. App. 427; Jaicks v. Merrill, 201 Mo. 91, 98 S. W. 753; Steffen v. Fox, 56 Mo. App. 9. In this latter case it is said (l. c. 12):

"A substantial compliance with the law is essential as a foundation of the plaintiff's right of recovery in these cases, but a literal compliance has never been deemed essential for that purpose."

This has been repeated in many later cases, and is always to be borne in mind in passing upon the acts of public officers in making public improvements. So too, in the late case of Gist v. Rackliffe-Gibson Construction Co., 224 Mo. 369, 123 S. W. 921, it is said (l. c. 379):

"While laws and ordinances anent the improvement of streets should be subjected to reasonable analysis and construction, yet they should not be subjected to an overnice analysis or to any unfriendly construction, springing from the notion that the contractor is prone to mischief or that street improvements are evils to be judicially circumvented."

We applied this rule in Gratz v. Wycoff, 165 Mo. App. 196, 145 S. W. 870, and again in Gratz v. City of Kirkwood, 182 Mo. App. 581, 166 S. W. 319, l. c. 324.

We hold, therefore, that the ordinance was properly submitted by the Board of Public Improvements to the Municipal Assembly, together with the remonstrances against it and is a valid ordinance.

This brings us to the consideration of the second proposition involved; that is, whether the testimony shows that Cooper street, as a highway fifty feet in width, had become a public street either by dedication or prescription, "by ordinance or by law."

It is to be observed that the construction placed upon section 15, of article 6, of the Charter of the city of St. Louis, which forbids the improvement and repair by the city of streets not acquired "according to the provisions of this Charter and law," covers not only the provisions of the Charter but statutory and common law. [McGinnis v. City of St. Louis, 157 Mo. 191, l. c. 198, 57 S. W. 755.]

While it is true that the case at bar was tried before the circuit court without a jury, and a finding of facts made by the learned trial judge, under the statute, and while it is further true, as argued by learned counsel for respondent, that such a finding has

the effect of a special verdict and if supported by substantial testimony is controlling upon the appellate court, it is equally true that it must appear, to sustain that finding, that correct principles of law were applied to the facts in the case.

We are compelled to hold that the learned trial judge overlooked a very fundamental principle in the law of real property, namely, that possession of part under claim and color of title to the whole for the requisite period of years, gives title and that in such case *possessio pedis* of the whole tract is not essential. So says our statute, Revised Statutes 1909, section 1882. This has been so often applied by the courts that it is hardly necessary to cite the authorities.

In Chapman et al. v. Templeton et al., 53 Mo. 463, it is said (l. c. 465):

"The object of showing color of title is to extend the possession of a part of a tract of land so as to include the whole tract. A mere trespasser can only claim the land of which he has the actual possession, so as to acquire title under the Statute of Limitations. But if he goes into the possession under the color of title, his possession of a part will extend to the whole tract as described in the defective conveyance. To this end a defective conveyance, or a conveyance from one having no title, if bona fide taken, may be used in connection with adverse possession of a part of a tract in the name of the whole, so as to acquire title under the Statute of Limitations."

This same rule was repeated in Ware v. Johnson, 55 Mo. 500, l. c. 503, in Hannibal & St. Joseph R. R. Co. v. Clark, 68 Mo. 371, l. c. 377, Pharis v. Jones, 122 Mo. 125, 26 S. W. 1032, and in Joplin Brewing Co. v. Payne, 197 Mo. 422, l. c. 429, 94 S. W. 896. It is recognized as a controlling principle in Perkins Land & Lumber Co. v. Irvin, 200 Mo. 485, l. c. 491, 98 S. W. 580.

Furthermore it is recognized as applying to the use by the public of a highway which has been designated as such in a plat or other conveyance. Thus, Elliott on Roads & Streets (3 Ed.), sec. 193, says:

"If the right to the way depends solely upon user, then the width of the way or the extent of the servitude is measured by the character of the user, for the easement cannot be broader than the user; but if there were defective proceedings, and the use was under color of the claim supplied by them, then the extent of the easement should generally be measured by the claim exhibited by the proceedings and by them intended to be established. This is in strict accordance with the elementary principle of the law of real property, which declares that, where there is color of title, and possession of part is taken under the claim of title, it will cover the whole, but that where there is no color of title the right will not extend beyond the actual possession, the *pedis possessio*."

A case applying the rule to highways is that of Sprague v. Waite, 17 Pick. (34 Mass.), 309. There Chief Justice SHAW (l. c. 317) said:

"It was contended on the part of the plaintiff, that as this was an ancient highway, of the location of which no record was or could be produced, it was proved only by public use, and whenever a public or private easement is proved by use only, the limitations and restrictions of the right, as well as the right itself, are established by such use, and of course no right can be established, beyond what has been in fact used and enjoyed. This, as a general rule, is correct; but if it is intended to say in regard to ancient highways, that the right of the public is limited to that portion of the highway usually called the traveled path, that part actually used and worn by feet or wheels, it is a misapplication of the rule. Where a tract three or four rods wide, such as is usually laid out as a highway, and like the ancient road in question . . . has been

used as a highway, although twenty or thirty feet in width only have been used as a traveled path, still this is such a use of the whole as constitutes evidence of the right of the public to use it for a highway, by widening the traveled path, or otherwise, as the increased travel or the exigencies of the public may require."

Further along at page 320 Chief Justice SHAW said: "The long and uninterrupted use of a public highway, is legally and justly taken to be evidence of a previous legal and regular proceeding, by which a certain portion of land has been appropriated to public use as a highway. But of what precise width, in what precise direction, and precisely how much surface of land, is thus appropriated, as no record or document specifies, it must be inferred from circumstances. Suppose the road deviates, or divides into two parts, to avoid a rock, a hill or a slough, which the public cannot then afford, and do not think fit to remove; but afterwards the rock is blown, the hill leveled, the slough filled, to meet the public exigencies and calls for improvement, may not the public so improve, because that precise spot has not before been traveled upon? It appears to me difficult to say, in point of law, that they cannot; and the proper mode of considering it, seems to be to regard it as a question of fact, to be inferred from all the circumstances of the case, whether the place in question was or was not included in the land appropriated to public use, as a highway."

The case at bar differs from Sprague v. Waite in the very important particular that we are not left to conjecture as to the probable width of this strip now called Cooper street. The plat duly filed, executed by the owners of the greater part of it, and purporting to convey the whole of the street to the public as a fifty-foot street, did constitute color of title to the whole fifty feet.

A case very much in point to the one at bar is that of Pillsbury v. Brown, 82 Me. 450. There the plaintiff

claimed that the location of a certain road was not legal and that only so much of its width as was actually prepared for travel and had been so used for twenty years or more at the time of the widening could then be held for a street. The Supreme Court of Maine held the proposition not maintainable. After a discussion of the general rule, it is said (l. c. 454):

"Still, we do not doubt that it is generally true that when an easement of any kind is attained by adverse use alone, its extent must be measured by its use. But this rule does not apply to ways which have commenced under an actual and a recorded location which clearly and distinctly defines their width, though · the proceedings may not have been in all particulars strictly conformable to law. In such cases, the use is presumed to be co-extensive with the location, precisely as possession under an invalid deed is presumed to be co-extensive with the land purporting to have been conveyed by it. This result is sometimes reached by the presumption of a dedication, and sometimes by the presumption that the proceedings were all regular." Referring to what Chief Justice SHAW has said in Sprague v. Waite, supra, and which we have quoted, the court continued (l. c. 455): "This seems to us to be sound law as well as good sense; and we hold in this case that the public is entitled to a way three rods wide, as originally laid out, notwithstanding the wrought part of it, and the part actually used·by travellers, may have been very much less than that; and that the travelled path may from time to time be widened or otherwise improved, as the growing wants of the public may require, provided such improvements are kept within the limits of the way as originally laid out."

In Bolton v. McShane, 79 Iowa 26 (l. c. 28), it is said, treating of highways: "The use, in order to draw the benefit of the Statute [of Limitations], must correspond with the claim of right."

In the case at bar it was admitted that, as platted in what was known as "Fairmont Addition," this Cooper street, extending from the Old Manchester road to Northrup avenue, that is to say, extending to the street now known as Bischoff street, formerly Bernard avenue, and for a distance of five blocks north of that street, is designated and dedicated as a fifty-foot street. As we understand, it is admitted that this plat was duly recorded. It is true it now appears that the owners of a two-fifths interest in the land covered by these tax bills did not sign this instrument. Nevertheless it purports to be signed by the owners of all the land; these signers purport to dedicate all of the streets marked on it to public use, designating Cooper street as having a width of fifty feet. This plat undoubtedly constitutes color of title. [Plaster v. Grabeel, 160 Mo. 669, 61 S. W. 589.] In McCain v. Des Moines, 174 U. S. 168, 1. c. 175, it is said: "Color, as a modifier in legal parlance, means 'appearance as distinguished from reality.' Color of law means 'mere semblance of legal right.' Kin. Law Dict. & Gloss.''

The evidence in the case shows beyond all question that for more than twenty years this street had been used as a public thoroughfare. It is true that the evidence tends to show that its user was commonly along the center of the fifty-foot strip over the wagon track, which was from six to twelve feet wide; that the center of the street was about twenty-five feet from the west line or fence. So, assuming the wagon track to be twelve feet wide, this would throw the larger part of the track on the thirty-foot strip on the west. The learned trial court found that all the user was on the thirty feet. But he overlooked the proposition that the thirty feet, under the designation in the plat, were a part of the fifty feet and that use of the part under claim and color of title to the whole for ten years or more, gave title to the whole. He even found that the

185MoApp45

use varied along the whole width of the fifty feet, but overlooked the legal effect of that. Furthermore, it is beyond dispute that on this same Cooper street, north of Bischoff avenue it is true and north of the district included within these tax bills, but still a part of this same Cooper street as designated on the plat, some ten or twelve years before, a cinder path had been built along the west front of a church, situate apparently on the southeast corner of Cooper and Wilson street, one block north of Bischoff, and the evidence is that the sidewalk or pavement as now constructed over Cooper street covered what had been this cinder path, and that extending that path south along the east side of Cooper street would put it directly under the located sidewalk of Cooper street between Old Manchester road and Bischoff. It is immaterial that this was at a point beyond Bischoff street; it was on Cooper street as laid off in the plat and was to be considered in determining the true width of Cooper street.

We are compelled to hold, therefore, in the light of this evidence, as well as of abundance of evidence in the record as to the long continued use of the greater part of Cooper street by the public as a highway, that the learned trial judge in his finding of fact and conclusions of law overlooked the very important proposition that this filed plat of Fairmont Addition constituted color of title in the public to the whole of this fifty-foot street and that proof of the user of the street by the public for more than twenty years, although that use may have been in only the center of it or a part of it, carried title by adverse use and by prescription over the whole width of the fifty feet. For these reasons we hold that the conclusion arrived at by the learned trial judge was incorrect and that on the evidence in the case he should have rendered up a judgment in favor of plaintiffs.

As will be noted the learned trial court disregarded the plea of estoppel as against defendant and her de-

visor. Without going into this at length, and without expressing any opinion here on that issue, it is not out of place to say that the trend of the later decisions of the Supreme Court and of this court is not to look upon these tax bills with so critical an eye as to overthrow them, when it appears, as in the case at bar, that the work was let according to contract, was provided for by proper ordinance, was let in accordance with law, was performed in a satisfactory manner, and that the devisor of this defendant under whom she claims stood by and made no objections; instituted no proceedings to stop the progress of the work. It has been held in cases of like character that such acts amount to an estoppel against the property owner from disputing the levy of the assessment. [See Granite Bituminous Paving Co. v. Fleming, 251 Mo. 210, 158 S. W. 4, as well as authorities heretofore cited.]

Our conclusion is that the judgment of the circuit court should be reversed and the cause remanded with directions to the circuit court to enter judgment declaring the tax bills, with interest thereon at the rate of eight per cent per annum from November 22, 1909, the date of demand, until the date of such judgment, together with the costs of the action, to be a lien upon and as such to be enforced against the respective pieces of real estate described in plaintiff's petition, and it is so ordered. *Nortoni* and *Allen, JJ.,* concur.

